WANNER and wife, Appellants, vs. WANNER and wife, Respondents.

*September 2 — September 23, 1902.*

*Conveyance by parent to child: Agreement to support: Bond and mortgage: Breach of condition: Remedies.*

Where parents have conveyed their property to their son, taking as a part of the consideration a bond for a certain sum, secured by a mortgage of the property, conditioned that the son furnish them care and support during their lives, and where without justification the son has failed to provide for them, a court of equity will not restrict them to their remedy on the bond and mortgage, but will treat the son's agreement as a condition subsequent and will set aside the conveyance for condition broken.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The plaintiffs are husband and wife, and the defendant *Herman* is their son. In October, 1897, and for many years before that time, the plaintiff *Benjamin* owned and occupied as a homestead eighty acres of land in Shawano county. On the 23d of October, 1897, the plaintiffs, being somewhat advanced in years, made a warranty deed of their land to the defendant *Herman,* and also transferred to him the farming implements and other personal property on the farm, for a consideration expressed in the deed of $2,000. Of this con-

sideration $1,000 consisted of *Herman's* notes, and $1,000 was represented by a bond for the support of the plaintiffs, which bond was in the penal sum of $1,000, and was conditioned as follows:

"The condition of this obligation is such that, if the above-bounden *Herman Wanner* and *Ella Wanner,* his wife, their heirs, executors, administrators, or any of them, shall well and truly pay or cause to be paid unto the above-mentioned *Benjamin Wanner* and *Hannah Wilhelmina Wanner,* his wife, or cause to be paid to them or their attorney, executors, administrators, or assigns, the just and full sum of one thousand dollars in manner following, that is to say, the sum of thirty dollars in cash, payable on or before the 23d day of October of each year, as long as either or both of the said *Benjamin Wanner* and *Hannah Wilhelmina Wanner* (they being father and mother of the said *Herman Wanner*) may live, and also to give to the said *Benjamin Wanner* and *Hannah Wilhelmina Wanner* the use of the kitchen and one bedroom in the house where they now reside as long as both or either of them may live, to provide the necessary fuel, and also to provide good table board, and mending and washing the clothes, for both or either of them during their natural lives, and free access to any part of the premises at any and all times. The above and foregoing bond is given with and secured by a mortgage upon real estate of even date therewith, and it is distinctly understood by and between the parties hereto that, if the above-bounden *Herman Wanner* and *Ella Wanner,* his wife, their executors, administrators, and assigns, shall well and truly keep and perform the conditions and covenants and agreements mentioned and contained in the above and foregoing bond of support, this day entered into by and between the said *Herman Wanner* and *Ella Wanner,* on their part to be kept and performed at the times and in the manner and form specified therein, then the above obligation shall be void; else to remain in full force and effect. It is also distinctly understood by and between the parties hereto that if all the conditions are performed as hereinbefore stated, and after the decease of the said *Benjamin Wanner* and *Hannah Wilhelmina Wanner* the said *Herman Wanner* is hereby empowered to cause the real estate mortgage given to secure the above and foregoing bond to be discharged of

record, in order that the said mortgage and bond of support cease to be a lien upon the lands described in said mortgage. If the said *Herman Wanner* and *Ella Wanner,* his wife, fail to perform their part as stated in the within bond of support, then and in that case the said *Benjamin Wanner* and *Hannah Wilhelmina Wanner,* or any or either of them, are hereby empowered to foreclose upon the real estate mortgage given herewith, and receive in lieu of said payments, board, and living rooms the sum of one thousand dollars, as stated in the said mortgage."

Immediately after the execution of these papers the defendants went into possession of the farm, and the plaintiffs commenced to live with them, and continued so to do until December, 1900, when it appears that serious difficulties had arisen between the parties, and the defendants ceased to furnish board to the plaintiffs. Meantime the defendant *Herman* had paid $500 upon the notes, and before the commencement of this action tendered to the plaintiff *Benjamin* $1,000, and demanded that the bond and mortgage be released; but the plaintiff refused to accept the same.

In February, 1901, the plaintiffs commenced this action in equity, seeking to cancel the conveyance for failure to support, and offering to give up the benefits which they had received from the defendant. The defendants answered, admitting the execution of the papers, and also admitting that since November, 1900, they had not furnished food to the plaintiffs, but alleged that the default was caused and justified by abusive language and threats of violence on the part of *Benjamin* to *Ella Wanner.* The answer also alleged the tender of $1,000, and that the land was not worth more than $2,000, and the personal property conveyed not more than $200. The answer also contained a counterclaim asking that the plaintiffs be required to accept the $1,000 cash and cancel the mortgage.

Upon the trial evidence was taken as to the value of the farm, which tended to show on the part of the plaintiffs that it was worth $4,000, and that the personal property was worth

$800; and on the part of the defendants that the farm was not worth more than $2,000, and the personal property not more than $200. The plaintiffs then offered to show cruel and inhuman treatment of the plaintiffs by the defendants, culminating in the refusal to support the plaintiffs or carry out the conditions of the bond; but the court refused to receive the evidence, holding as a matter of law that the only remedy of the plaintiffs was to foreclose the mortgage and receive the $1,000 as liquidated damages. Judgment was ordered and rendered that the defendants pay into court the sum of $1,000 for the benefit of the plaintiffs, and that thereupon the bond and mortgage be canceled. From this judgment the plaintiffs appeal.

For the appellants there was a brief by *H. G. Dreier,* attorney, and *P. J. Winter,* of counsel, and oral argument by *Mr. Winter.*

For the respondents there was a brief by *Wallrich, Dillett & Eberlein,* and oral argument by *C. F. Dillett.*

WINSLOW, J. This is one of a class of cases frequently happening, where aged parents have deeded their property to a son in consideration of future care and support, and have repented of their bargain. In such cases it has become the settled doctrine of this court that, when it appears that a substantial part of the consideration for the transfer was the agreement on the part of the son to render to the parent personal services and care, this agreement will be treated by a court of equity as a condition subsequent, and, if it be substantially broken through fault of the son, a reversion of title will take place by re-entry or its equivalent, and the deed will be set aside. *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118. The form of the transaction will not govern, but the intent and purpose thereof as disclosed by the testimony. The fact that a bond and mortgage was given, with a penalty named, which may equal in amount the value of the land, is not con-

clusive, nor does it compel the parent to resort to foreclosure as his remedy. Such bonds and mortgages are frequently given, and doubtless the parent may, if he chooses, enforce them; but a court of equity will not, because of the existence of this remedy, refuse to enforce the more effective remedy by cancellation of the deed for condition broken when it appears that the parent has conveyed his substance to his son in consideration of personal care and support during his declining years, and, through no fault of his own, has failed to receive that care and support. In the present case the court held that the only remedy of the father was to recover the $1,000 which the bond and mortgage provided should be paid in case of default, and ruled out the testimony of the father tending to show that the defendant's breach of his contract was wilful and without excuse. This was error. The plaintiff should have been allowed to prove that the defendant's failure to furnish board was without justification, and, if he could show this fact, he was entitled to have the conveyance canceled upon surrender by him of the $1,000 cash or notes which he received as the first payment on the farm.

*By the Court.*—Judgment reversed, and action remanded for a new trial.