BURGSON, Appellant, vs. JACOBSON, Respondent.

*February 2—February 21, 1905.*

*Deeds: Conditions subsequent: Conveyance by parent to child: Covenant: Breach: Equity: Reformation.*

1. Conditions subsequent, especially when relied upon to work a forfeiture, must be created by express terms or clear implication, and are strictly construed.
2. In consideration, among other things, of natural affection and to avoid the expense of a will, a father conveyed land to his daughter, reserving a life estate with right of possession, and the daughter covenanted to pay all taxes. Upon her failure to pay taxes the land was sold therefor, and the father, to protect himself, purchased the tax certificates. *Held*, that the agreement to pay taxes would not be considered a condition subsequent for breach of which the father could re-enter and have the conveyance rescinded.
3. The daughter having offered to pay all the taxes with interest, before bringing an action to reform the conveyance as to a mistake in the description of the land, came into court in such action with clean hands, and the conveyance, not being a voluntary one but supported by a valuable consideration, might be reformed.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This action was brought for reformation of deed and to set aside and cancel tax certificates. The complaint sets up substantially the following facts:

*First cause of action:* In May, 1899, the defendant and

plaintiff entered into an agreement to the effect that defendant should convey to plaintiff, for the sum of $1 and other valuable considerations, the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ and W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, sec. 22, township 46, range 4 west, subject to covenants and reservations agreed upon; that in pursuance of this agreement, and on May 13, 1899, defendant executed and delivered to plaintiff a deed; that by mistake of scrivener the deed described the premises as the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ and W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, instead of the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, sec. 22, township 46, range 4 west; that plaintiff demanded reformation from defendant, which was refused.

*Second cause of action:* That on May 18, 1897, for a valuable consideration, the defendant executed and delivered to Frank Burgson a deed of the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, sec. 22, township 46, range 4 west, which deed was duly recorded; that said deed was subject to certain conditions and reservations; that on November 3, 1898, for a valuable consideration, Frank Burgson conveyed said land to plaintiff, which deed was duly recorded; that on May 13, 1899, for a valuable consideration, defendant conveyed to plaintiff the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ and W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, sec. 22, township 46, range 4 west, which deed was duly recorded; that in said deed defendant reserved the right of possession and rents and profits during his life, plaintiff agreeing to pay the taxes on said lands when due, and all future taxes, until the land might be sold by joint deed of the parties, and defendant in said deed released the W. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, sec. 22, township 46, range 4 west, from conditions contained in deed thereof executed by him to Frank Burgson September 18, 1897; that defendant entered into possession of said lands May 13, 1899, and since has continued in possession and received the rents and profits; that on May 22, 1902, defendant took tax deed on said property for taxes of 1898; that on August 23, 1902, J. Yderstad took tax deed on part of said lands for taxes of

1898; that Yderstad was not the *bona fide* owner of certificate, but held same at request of defendant, and took same for defendant, and in accordance with his agreement, and without consideration, conveyed to defendant, which deed was recorded; that each forty so sold for taxes of 1898 was sold for $3.42, twenty-five cents of which was printing fee charged for advertising the sale, notice of which sale was published in a newspaper five times, once each week, the first publication being April 15th and the last May 13th, and the affidavit of publication was not made within six days of the last publication; that said deeds are null and void and a cloud upon the plaintiff's title; that plaintiff tendered to defendant the amount to which defendant was entitled by virtue of said tax deed, which was refused.

The defendant answered and also set up a counterclaim. Counterclaim is, in effect, as follows: That defendant on September 18, 1897, conveyed to his son-in-law, Frank Burgson, the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, N. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, and the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, sec. 22, township 46, range 4 west; that said lands were conveyed to Burgson, husband of only daughter and child of defendant, upon condition that defendant receive $30 per year and board during his natural life; that defendant, in lieu of a will, so conveyed said property in anticipation of having provided for him a home in his old age, and upon no other condition or consideration except natural affection for plaintiff, the wife of Frank Burgson, and that the property at his death should inure to the benefit of plaintiff and her husband; that Frank Burgson failed to comply with the terms of said agreement and deed, upon breach of which defendant commenced action to recover title to the lands so conveyed, and it was afterwards agreed that deed be canceled and a new deed executed by defendant to plaintiff containing the condition and agreement that defendant retain life estate in said lands with right of possession and plaintiff pay all taxes that should be assessed against said lands as

soon as due and payable, whereupon defendant executed and delivered deed mentioned in complaint to plaintiff, the consideration for said deed, among other things, being the natural affection of defendant for his child, and in order to avoid the expense of making a will and the probate thereof; that plaintiff utterly neglected and failed to pay the taxes by her agreed to be paid, and has allowed said lands to be sold for taxes and tax certificates taken up by other parties; that, in order to prevent loss of the property, defendant has purchased the tax certificates, and on account of the failure of plaintiff to fulfil her part of agreement and condition in deed defendant has elected and desires to cancel and rescind same and quiet and establish title in himself; that the lands constitute the only property and means of support of defendant, except a small amount of personal property. Demand of judgment that title be quieted and established in defendant.

Plaintiff demurred to counterclaim, which was overruled. From the order overruling demurrer this appeal was taken.

The cause was submitted for the appellant on the brief of *Sanborn, Lamoreux & Pray,* and for the respondent on that of *Tomkins, Tomkins & Garvin.*

KERWIN, J. The principal question involved upon this appeal is whether the counterclaim states a cause of action. From the facts stated it will be seen that the gist of the counterclaim is that defendant first conveyed his property to his son-in-law, Frank Burgson, in order to provide himself a home, and in consideration of natural affection for plaintiff, and so that the property at his death might inure to her benefit, his son-in-law agreeing to pay him $30 a year and board during his natural life; that in default of payment an action was commenced by defendant, which resulted, by agreement, in the cancellation of the deed to his son-in-law, Frank Burgson, and the execution of a new deed to plaintiff, by the terms of which defendant reserved a life estate with right of possession, and plaintiff agreed to pay the taxes; that the plaintiff

failed to pay the taxes by her agreed to be paid, allowed the lands to be sold for nonpayment of taxes, and defendant, to protect himself, purchased the tax certificates, and now asks for cancellation of the deed to plaintiff on the ground that she has breached her agreement. This claim is made by the defendant, as we understand counsel, upon the theory (1) that the agreement to pay taxes, under the circumstances, was a condition subsequent, upon the breach of which defendant was entitled to re-enter and rescind the conveyance; and (2) that the plaintiff's complaint does not state a cause of action, and on demurrer judgment should go against the party whose first pleading is bad.

1. Conditions subsequent, especially when relied upon to work a forfeiture, must be created by express terms or clear implication, and are strictly construed. 2 Washb. Real Prop. (4th ed.) 7 (*447). No express condition is pleaded, nor do we think any can be implied from the facts stated. It is true that a condition subsequent may be implied though none is expressed, but the facts must be such as leave no doubt in the mind of the court that one was intended and necessary to carry out the obvious intention of the parties.

The cases in this court relied upon by counsel for respondent do not support his contention. In *Delong v. Delong,* 56 Wis. 514, 14 N. W. 591, there was an express condition subsequent. All the other cases relied upon, notably *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118, where the obligation in form rested in covenant and not in condition, hold that equity will grant relief by declaring a rescission of the conveyance, because a substantial part of the consideration for the transfer was an agreement to perform personal services and care, for a breach of which the grantor might re-enter and be restored to his former estate. In *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671, Mr. Justice WINSLOW said:

"In such cases it has become the settled doctrine of this court that, when it appears that a substantial part of the consideration for the transfer was the agreement on the part of

the son to render to the parent personal services and care, this agreement will be treated by a court of equity as a condition subsequent, and, if it be substantially broken through fault of the son, a reversion of title will take place by re-entry or its equivalent, and the deed will be set aside."

In this class of cases the obligation is held to be a condition subsequent, because from the nature of the contract the parties must have intended to create a condition subsequent, since otherwise upon a breach the purpose of the agreement would be defeated and the grantor have no adequate remedy. The question is fully discussed by Mr. Justice MARSHALL in Glocke v. Glocke, 113 Wis. 303, and at pages 320, 321 (89 N. W. 124, 125) it is said:

"In such cases, if the purpose of the agreement substantially fails of realization, nothing short of a restoration of the original status as to the property involved is an adequate remedy. So nothing short of that could be reasonably said to have been in the minds of the parties at the inception of their contract as the consequence that might follow from a breach of it. In that situation 'a condition subsequent arises by clear implication.'"

Respondent claims that the facts set up in the counterclaim bring him within the rule of Glocke v. Glocke, supra. But in the case at bar the obligation on the part of the grantee is in form a covenant, and compensation for a breach can be measured in money. There is no ground for implying a condition subsequent, and none can be implied. The breach complained of is a failure to pay money—the taxes—and the counterclaim alleges that on account of the failure of the plaintiff to fulfil her part of the agreement in said deed the defendant elects to set aside and cancel the deed. There is no attempt to set up any grounds for equitable relief except the failure to pay taxes and that the land has been sold for taxes and certificates bought in by defendant. There is no allegation that plaintiff is insolvent, or that she was guilty of any fraud or bad faith in allowing the lands to be sold for taxes, or that defendant will suffer irreparable injury or will

be prevented in the future from reaping the fruits of the agreement, or that he has no adequate remedy at law, or any other facts showing that defendant is entitled to cancellation of the deed. The tax certificates are owned by defendant, and the plaintiff offered to pay them, with interest, before commencement of this action. In fact, as we understand respondent's counsel, his principal claim for rescission is upon the ground that the agreement to pay taxes is a condition subsequent, for a breach of which defendant can re-enter and have a rescission of the deed, under the rule of *Glocke v. Glocke, supra.* This position, we think, cannot be sustained.

2. It is also contended by counsel for respondent that plaintiff does not come into court with clean hands, because she failed to pay taxes. But plaintiff offered to pay the taxes and perform on her part before bringing this action. She was therefore not in default when the action was brought. So far as appears from the record, the failure to pay taxes may have been by mistake or inadvertence, and, plaintiff having tendered performance before action, it would not be doing equity to turn her out of court and forfeit her estate because at some time she had been in default. After tender of performance she is in court with clean hands, prompt and eager to perform. The deed in question is not a voluntary conveyance within the rule that equity will not interfere to enforce a voluntary contract to convey, or to reform a defective one. But in the case at bar we are dealing with a valid deed supported by a valuable consideration. The complaint alleges that the deed was made upon a valuable consideration, and the facts set up in the counterclaim support this. The contention, therefore, that the demurrer should be overruled because the complaint does not state a cause of action is untenable. We conclude, therefore, that the court below erred in overruling the demurrer.

*By the Court.*—The order of the court below is reversed, and the cause remanded with instructions to sustain the demurrer.