KRAUSE and wife, Respondents, vs. KRAUSE and others, Appellants.

*May 5—June 23, 1905.*

*Equity: Setting aside conveyance: Findings.*

1. In an action to set aside a conveyance of real and personal property made in consideration of the support and maintenance of grantors, the court found that the grantees had breached the contract under which it was conveyed, and specifically found that the personalty had been included when a wrongful transfer of the land had been made to third persons. *Held*, that a judgment which, in restoring grantors to their property rights, awarded them the real estate and left the personalty in the possession and ownership of the grantees, completely and effectively passed upon all questions as to the personalty.

2. In such case the fact that a sum of money was paid the grantors' daughter pursuant to the terms of the agreement for their support, etc., cannot be made the basis of an equitable claim against them, in view of the facts that the personal property was awarded the grantees and that the grantees had had the use and income of the real estate for five years.

APPEAL from a judgment of the circuit court for Oconto county: SAMUEL D. HASTINGS, Circuit Judge. *Affirmed.*

On the 18th day of June, 1898, the plaintiffs, planning to be relieved from the burdens incident to conducting their

farming affairs, and to provide for their support during their old age, entered into an agreement with *Fred Krause,* their son, one of the defendants, whereby they deeded their farm to him in consideration of his agreeing to furnish them during their joint lives certain articles and money yearly; to allow them the use of a certain specified amount of land and the occupancy of the house, and after the death of either to furnish the survivor three fourths of the goods agreed to be furnished both; to pay Annie Krause, their daughter, $150; and to give a mortgage to secure the execution of the agreement.    The mortgage was executed according to the agreement, and on July 5, 1901, in accordance with the condition of this agreement, *Fred Krause* paid $150 to his sister, Annie.    At this time the mortgage was satisfied of record, plaintiffs, who are unable to read or write, being informed and believing that they were satisfying the mortgage as to the payment of the money made to their daughter, Annie. *Fred Krause* carried out his agreement until October 5, 1901, when, with the knowledge and consent of plaintiffs, he and his wife transferred the real and personal property to their brother *Louis Krause* and his wife, *Rose.*    The real estate was then worth $1,600 and the personal property about $300.    *Louis* paid *Fred* $650 in cash, and also paid a note for $75 owed by *Fred.*    For the purpose of obtaining money to make these payments to *Fred* and to raise other money for his personal needs, *Louis* executed a mortgage for $900, which covered his own home of eighty acres, worth about $4,000, and this property obtained from the plaintiffs.  *Louis* also paid a mortgage securing $100, which was upon the property when first conveyed, and executed another for the same amount to the same party and to secure the same debt. These mortgages are still unsatisfied.  *Louis* and his wife had a great deal of trouble with plaintiffs.    There is evidence in the case of assaults, threats of killing, the taking away of plaintiffs' property, and numerous wilful annoy-

ances and acts disregardful of plaintiffs' rights and feelings. The court found that *Louis* and his wife had received the property under an agreement with *Fred,* upon the same conditions as those upon which *Fred* had originally received it, but that he and his wife did not regard themselves as bound to carry out the agreement because the mortgage to secure the performance of the conditions of the agreement had been discharged of record; that he with his wife, without any consideration, had deeded the property to *Emelie Krause,* their minor daughter, and to *Mike Frederick,* and refused to carry out the conditions of the agreement. *Mike Frederick* and *Emelie Krause* subsequently married. As conclusions of law the court found that the transfer by *Louis* and the treatment of his parents was a substantial breach of his obligation and worked a forfeiture, and that plaintiffs were entitled to a judgment annulling the conveyances and to the possession of the real estate. Such judgment was accordingly given. This is an appeal from the judgment.

The cause was submitted for the appellants on the brief of *Classon & Classon,* and for the respondents on that of *Dreier & Winter.*

Siebecker, J. The defendants *Louis* and *Rose Krause,* as appellants, urge no exception to the findings of fact of the trial court, but aver that the court erred in refusing to award them a recovery of the sum of $425, the amount they paid to *Fred Krause* over and above the value of the personal property received and now held by them under their agreement with *Fred Krause,* who had transferred to them all the right and interest which he had acquired under the agreement for the support of plaintiffs and their conveyance to him of their farm and personal property. The court held that the agreement on the part of the son and his wife to render to the parents the personal care and attention contemplated by it, and to provide them with the stipulated means

. of support, were substantially broken through the fault of appellants, and that by such breach a reversion of title had taken place which called for a decree setting aside the conveyances of the real estate. *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Burgson v. Jacobson,* 124 Wis. 295, 102 N. W. 563. The question involved in the giving of a mortgage by appellants on these and other lands to secure the payment of the $900 borrowed by them was not before the court and must therefore remain undetermined. It is urged that the court failed to consider or erred as to appellants' right to reimbursement for the payment of the $425 over and above the value of the personal property at the time they undertook in *Fred Krause's* place to carry out the contract of support. We do not so interpret the decision. Under the findings and judgment the right to the personal property originally conveyed by respondents to *Fred Krause* and by him assigned to appellants was as completely and effectively covered as the right to the real estate. That the court so considered it is apparent from the specific finding of fact to the effect that appellants included the personalty in their wrongful transfer of the land to *Mike Frederick* and their daughter, *Emelie,* and from the decree restoring respondents to their rights in the property, by which the real estate only is awarded to them, and whereby appellants and their grantees are left in possession and ownership of the personal properties. The judgment entered on the findings determines the rights of the parties to all of the disputed matters litigated and embraced in the issues and covered by the findings of the court. The right to the personal property being thus involved in the action, the decree covers it and awards it to appellants and their vendees. The fact that $150 was paid to respondents' daughter under the terms of this agreement for support in no way affects the judgment and cannot be made the basis of an equitable claim against them, in view of the fact that, as a re-

sult of the transaction, their personal property is awarded to the appellants, and the further fact that appellants and their grantors under the agreement have had the use and income of the real estate for the period of five years. This use of the property by appellants to the time of restitution of the real estate, and respondents' loss of all of their personal property without fault on their part, are important considerations, and furnish substantial grounds in support of the judgment entered by the trial court in adjusting the equities of the controversy. We find nothing in the record to warrant a modification of the judgment for want of equity.

*By the Court.*—Judgment affirmed.