Young, Appellant, vs. Young and others, Respondents.

*May 5—May 21, 1914.*

*Deeds: Conditions subsequent: Conveyance in consideration of support: Rescission: Husband and wife: Parties.*

1. Conveyances made by aged people in consideration of support and care are deemed to be conveyances upon condition subsequent, and will be set aside by a court of equity upon proof of substantial failure to perform.
2. Although in such a case the husband held the legal title to the property conveyed, the wife has such a substantial interest in the carrying out of the contract that she may bring an equitable

action alone (if the husband refuses to become a plaintiff) for reconveyance of the land and rescission of the agreement, joining the husband as a defendant; and this is especially true when the homestead was a part of the premises conveyed.

3. Where the agreement for support also provides for the payment of money to third persons and makes such payment a charge on the real estate conveyed, such third persons are not only proper but necessary parties to the action for rescission, in order that their interests in or liens upon the real estate may be bound by the judgment.

[4. Whether in this case the parties would be entitled to any other relief than the revesting of the title and the rescission of the agreement, not decided.]

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Modified and affirmed.*

The plaintiff, a married woman seventy-three years of age, brings this action in equity to set aside a conveyance of a farm of 120 acres of land and the personal property thereon made by her husband and herself in favor of the defendant *Frank Young* (her son) and *Dell Young,* his wife. The plaintiff's husband, *Treffley Young,* is made a defendant. The defendants demurred (1) for defect of parties and (2) for insufficiency of facts, and the demurrer was sustained on both grounds.

The complaint alleges the making of the conveyance (which includes the homestead of the parties) in consideration of an agreement to support and care for the plaintiff and her husband during their natural lives at the homestead or at some other convenient place if the grantors became dissatisfied. The contract also requires the grantees to pay certain sums of money to six other children of the grantors at certain specified times, which payments are made a charge upon the real estate. The complaint alleges serious ill-treatment on the part of the grantees and failure to carry out the contract in many ways and to such an extent as to seriously impair the plaintiff's health. It is also alleged that the plaintiff's

husband refuses to join in the action as a plaintiff and he is therefore made a party defendant. The plaintiff prays for a reconveyance of the property and for other relief in the alternative.

For the appellant the cause was submitted on the brief of *Isaac Craite.*

For the respondents there was a brief by *Olen & Olen,* and oral argument by *O. L. Olen.*

WINSLOW, C. J.   In this court it is held:

1. Conveyances like the present, made by aged people in consideration of support and care, are deemed to be conveyances made upon condition subsequent, and will be set aside by a court of equity upon proof of substantial failure to perform. *Bogie v. Bogie,* 41 Wis. 209; *Lowrey v. Finkleston,* 149 Wis. 222, 134 N. W. 344.

2. In such a case, although the title to the real estate was in the husband, the wife has such a substantial interest in the carrying out of the contract that she is entitled to bring an equitable action alone (in case her husband refuses to become a plaintiff) for reconveyance of the land and rescission of the agreement, joining her husband as a party defendant. Especially is this true when a part of the premises conveyed consists, as here, of the homestead. This is simply the application to a new situation of an ancient and familiar equitable principle.

3. Where the agreement for support also provides for the payment of sums of money to third persons and makes such payments a charge on the real estate conveyed, such third persons are not only proper but necessary parties to an action of this nature, in order that their interests in or liens upon the real estate may be bound by the judgment. *Mootz v. Petraschefski,* 137 Wis. 315, 118 N. W. 865.

4. Whether the parties will be entitled to any other relief than the revesting of the title and the rescission of the agree-

ment is not now decided.    The measure and character of the
relief to be given can be better determined after the testi-
mony is taken and the facts are determined.

The order appealed from must be modified by reversing
that part thereof sustaining the demurrer for insufficiency of
facts and affirming the order as so modified, with costs to the
appellant.

*By the Court.*—It is so ordered.