DANIELSON and others, Appellants, vs. DANIELSON and others, Respondents.

*January 17—March 13, 1917.*

*Deeds: Conditions subsequent: Support of grantors: Breach of condition: Cancellation: Other equitable remedies: Foreclosure of mortgage.*

1. A conveyance made by aged people in consideration of support and care may be deemed to be a conveyance upon condition subsequent, and upon proof of a substantial failure to perform will be set aside in a proper case; but that remedy is not exclusive, and other and different relief may be granted when the facts require it in order to do equity between all parties.

2. Whether the parties can be placed *in statu quo* is always an important consideration in such cases.

3. Two tracts of land, one owned by plaintiff and one by his wife, were conveyed to their son in consideration of his agreement to support and care for them and the survivor of them during life; and a mortgage was given back to secure performance of the agreement. The son performed the agreement for about eight years and until his death, and thereafter his administrator offered or made some effort to perform, but other children of the grantors were compelled to help support them. The parents continued to live upon the premises until the death of the wife, and plaintiff remained thereon afterwards. No claim for a rescission was made by the wife nor by plaintiff until this action was commenced. Upon evidence of the above and other facts it is *held* that cancellation of the deed and restoration of title would be inequitable, and that a foreclosure of the mortgage was properly ordered, with provision for a sale unless certain payments for the support of the plaintiff be made by the heirs or administrator of the son, and a further provision that plaintiff have the use of the premises during his life.

Appeal from a judgment of the circuit court for Juneau county: James O'Neill, Circuit Judge. *Affirmed.*

This action was brought to cancel a deed, contract, and mortgage on the ground of alleged breach of condition subsequent to support the plaintiff *Ingimond Danielson* and his wife, and to quiet title in the grantors and their heirs.

There is nothing in the deed, contract, or mortgage providing for revesting of title or re-entry.

The court below found that the plaintiff *Ingimond Danielson* was the owner of forty acres, and Dora Danielson, his wife, in her lifetime was the owner of eighty acres of the real estate in question; that Dora died intestate June 8, 1914, leaving her surviving her husband, *Ingimond,* and children *Bertha Payzant, David Danielson,* and *Ruby V.* and *Carmen Lill,* children of her deceased daughter, Ellen Lill, and the defendants, *Irl* and *Irene Danielson,* children of a deceased son, Nicholas Danielson, her sole and only heirs at law; that on March 17, 1903, the plaintiff *Ingimond* and Dora were in poor health and unable to superin-

tend their farm and contracted with their son Nicholas that he should have a deed of the farm in consideration that he should support and maintain them at their home, give them care, medicine, medical aid, nursing, food, and shelter for the term of their natural lives, and the survivor of them; that a mortgage was given in the sum of $1,500 to secure said agreement; that a deed was executed to Nicholas of the land in question in accordance with the terms of the contract for support; that said deed and mortgage were recorded March 23, 1903; that the contract between Nicholas, *Ingi-mond,* and Dora provided that said Nicholas should not sell or dispose of the premises during the term of the contract; that said deed, contract, and mortgage were part and parcel of the same contract, executed and delivered at the same time, and that Nicholas paid no other consideration except that named in the contract; that said Nicholas entered into possession of the premises and occupied the same with *Ingimond* and Dora from the 17th day of March, 1903, until the 26th day of June, 1911, at which last named date Nicholas committed suicide and left two children, *Irl,* fourteen years of age, and *Irene,* seventeen years of age, his sole and only heirs at law; that after the death of Nicholas, *Ingimond* and Dora continued to live on the premises, cultivated the same, paid the taxes, and had actual and exclusive possession of the same until the 8th day of June, 1914; that on said latter date Dora died intestate and the premises have ever since been in the actual possession of plaintiff *Ingimond Danielson;* that defendant *H. J. Mortensen* was appointed administrator of the estate of Nicholas Danielson on September 13, 1911, and qualified as such; that since June 26, 1911, plaintiff *Ingimond* and Dora have been compelled to support and care for themselves and have been obliged to call upon plaintiffs *Bertha Payzant* and *David Danielson* to furnish money to provide for and maintain themselves, and that said *Bertha* and *David* have furnished their parents since

June 26, 1911, the sum of $300 or more; that the value of the eighty acres owned by Dora, included in the deed, was $2,300, and the value of the forty acres owned by *Ingimond,* included in the deed, was $700; that from March 17, 1903, to June 26, 1911, Nicholas had not increased the value of the premises and that the heirs are not entitled to any credits as a condition of rescission; that there is not sufficient evidence to prove that *Ingimond* has appropriated any of Nicholas Danielson's personal property since his death; that *Irl Danielson* and *Irene Danielson,* heirs of Nicholas, are not entitled to any credits therefor; and that there was a breach of Nicholas Danielson's contract from and after his death on the 26th day of June, 1911.

The court concluded that the plaintiff *Ingimond* was entitled to foreclosure of the mortgage and to enforce the terms of the contract and mortgage for support and maintenance; that it is not practicable to protect plaintiff's rights by rescinding the conveyance to Nicholas; that plaintiff is entitled to a judgment of foreclosure of the mortgage and to recover as follows: the heirs of Nicholas or the legal representative of his estate shall pay said plaintiff within thirty days after entry of judgment the sum of $100 for his support and maintenance; the heirs or legal representative shall pay plaintiff $100 annually for support and maintenance from and after the 1st day of January, 1916, which payment shall be in instalments of $25 every three months, the first to be made on April 1, 1916, which payment shall be made as a provision for the care, medicine, medical aid, nursing, food, clothing, and shelter required by the contract; that the plaintiff *Ingimond Danielson* shall recover solicitor's fees in the sum of $50 and taxable costs in foreclosure suit, which shall be paid plaintiff's attorney within one year from entry of judgment; that the judgment shall provide that application may be made from time to time to compel the payment of larger amounts for support of plaintiff, if it shall be shown

that plaintiff is in need thereof; that in addition to the provisions hereinabove made plaintiff may remain on the farm and have the use of the same as long as he lives, and if he does not wish to live upon the premises the defendants *Irl* and *Irene,* or the administrator of the estate of Nicholas, may rent the place, or use the same as they think best; that the judgment requiring the heirs or legal representative to make payment shall create no personal liability against them; that unless said sums be paid at the times and in the manner specified the plaintiff may apply to the court for an order directing that the premises be sold at public auction in the manner provided by law for the sale of real estate on foreclosure, and that the money derived from such sale be paid into court for the purpose of making the payments hereinabove provided, and that said money shall be subject to the further order of the court.

Judgment was entered accordingly, from which this appeal was taken.

For the appellants there was a brief by *J. A. McFarlane* of Mauston and *Grotophorst & Thomas* of Baraboo, and oral argument by *H. H. Thomas.*

*H. J. Mortensen* of New Lisbon, for the respondents.

KERWIN, J.    There is practically no dispute upon the facts.    The errors assigned are upon refusal to find conclusions of law proposed by appellants and in the conclusions of law made upon the facts found.    The contention relates to the remedy.

It is apparent from the record that the court below was in doubt as to what relief should be granted upon the established facts, but finally, after much consideration, concluded to order foreclosure of the mortgage in lieu of ordering judgment canceling the deed, contract, and mortgage and restoring the title to the property to the original grantors and their heirs.

The court below obviously determined that the judgment of foreclosure ordered was a fair, equitable judgment, and the one most advantageous to plaintiff *Ingimond Danielson,* and just and equitable to all parties interested, while cancellation of the written instruments referred to and restoration of title would not be.

We cannot say upon the facts found that this conclusion is wrong, and the only question is whether the remedy adopted by the court was proper under the established facts.

The contention of appellants is that rescission was the only proper remedy and that the court below was in error in ordering foreclosure of the mortgage, and they rely mainly upon *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Lowrey v. Finkleston,* 149 Wis. 222, 134 N. W. 344; *Bogie v. Bogie,* 41 Wis. 209; and *Young v. Young,* 157 Wis. 424, 147 N. W. 361.

It is settled law in this court that conveyances made by aged people in consideration of support and care may be deemed to be conveyances upon condition subsequent and will, upon facts similar to those in the foregoing cases, be set aside by a court of equity upon proof of substantial failure to perform.

It does not follow, however, that other adequate relief cannot be granted when the facts in the case require it in order to do equity between all parties. *Morgan v. Loomis,* 78 Wis. 594, 48 N. W. 109; *Donnelly v. Eastes,* 94 Wis. 390, 69 N. W. 157; *Glocke v. Glocke,* 113 Wis. 303, 89 N. W. 118; *Wanner v. Wanner,* 115 Wis. 196, 91 N. W. 671; *Maginnis v. Knickerbocker I. Co.* 112 Wis. 385, 88 N. W. 300; *Lowrey v. Finkleston,* 149 Wis. 222, 134 N. W. 344; *Mootz v. Petraschefski,* 137 Wis. 315, 118 N. W. 865; *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 120 N. W. 277; *Burgson v. Jacobson,* 124 Wis. 295, 102 N. W. 563; *Keister v. Cubine,* 101 Va. 768, 45 S. E. 285; 13 Cyc. 701; *Marvel v. Phillips,* 162 Mass. 399, 38 N. E. 1117, 26 L. R. A. 416.

While the cases in Wisconsin relied upon by appellants and others hold that cancellation will be adjudged in a proper case the remedy is not held to be exclusive. In the *Glocke Case* this court, in speaking of the remedy for condition subsequent broken, said: "For a breach thereof the title thereto will, at the election of the grantor, no sufficient equitable considerations to the contrary standing in the way, revert without judicial aid, the same as in any other case of breach of condition subsequent." 113 Wis. 303, 321, 89 N. W. 118.

In *Lowrey v. Finkleston* it is said: "The agreement will be treated in equity as a condition subsequent, and, if substantially broken through failure of the grantor to perform, the conveyance will be set aside." 149 Wis. 222, 230, 134 N. W. 344.

In *Brenger v. Brenger,* 142 Wis. 26, 39, 125 N. W. 109, the following language is used: "In case of a conveyance by an old person of his property to another to secure from such other support and attention during the rest of his days, and the consideration wholly failing, without reasonable excuse on the part of the grantee, a court of equity will, by rules for construction, hold the conveyance to have been made upon condition subsequent and deal with the situation accordingly."

In *Burgson v. Jacobson,* 124 Wis. 295, 102 N. W. 563, it is held that a condition subsequent, when relied upon to work a forfeiture, must be created by express terms or clear implication, citing 2 Washb. Real Prop. (4th ed.) 7; and the court says: "In this class of cases the obligation is held to be a condition subsequent, because from the nature of the contract the parties must have intended to create a condition subsequent, since otherwise upon a breach the purpose of the agreement would be defeated and the grantor have no adequate remedy." See 124 Wis. 299, 300.

*Young v. Young,* 157 Wis. 424, 147 N. W. 361, and *Mootz v. Petraschefski,* 137 Wis. 315, 118 N. W. 865, hold that

cancellation will be ordered in a proper case, but do not hold or intimate that it is the only remedy, or that equity will always declare rescission and restore the title to the grantor.

In *Maginnis v. Knickerbocker I. Co.* 112 Wis. 385, 88 N. W. 300, there was an express condition and provision that if the condition should at any time be broken there should be a reverter to the grantor, his heirs and assigns. The condition subsequent was in fact broken and there was a re-entry. In this case the equitable doctrine is recognized and declared to the effect that, although the condition subsequent may be broken and a re-entry occur, still the title may be subject to control in equity where justice and equity require it in order to adequately measure the loss.

In *Bogie v. Bogie,* 41 Wis. 209, the provision respecting duty of grantee rested in covenant and not in condition, yet the court rescinded the sale in order to do equity.

While we do not think it necessary to cite foreign cases we call attention to *Keister v. Cubine,* 101 Va. 768, 45 S. E. 285, as squarely in point.

The plaintiff *Ingimond Danielson* at the time of commencement of this action was about ninety-one years of age. The agreement to support and care for the parents by Nicholas was kept up to the time Nicholas committed suicide. This unfortunate event prevented him from further performance of the contract, and it seems the administrator of Nicholas offered or made some effort to further perform the contract between Nicholas, *Ingimond,* and Dora Danielson. Nicholas performed the contract for more than eight years before his death, June 26, 1911, and *Ingimond* and Dora from June 26, 1911, to June 8, 1914, continued to live on the farm and enjoy the rents and profits thereof and had the benefit of the contract, at least in part, during that time. Plaintiff *Ingimond* made no claim for rescission until this suit was commenced and Dora never made claim for rescission. After the death of Nicholas, plaintiffs *Bertha Pay-*

*zant* and *David Danielson* helped to furnish support for their parents to the extent of about $300. Whether the parties can be placed *in statu quo* is always an important consideration in cases like the one at bar.

It is clear from the record and undisputed facts that rescission of the deed and restoration of title would be inequitable, and that foreclosure of the mortgage as ordered by the court below fully protects the plaintiff *Ingimond Danielson* and all parties interested and is just and equitable.

It follows that the judgment of the court below is right and must be affirmed.

*By the Court.*—The judgment is affirmed.