In the Matter of the Application of SCHENECTADY TRUST COMPANY, Surviving Trustee of the Estate of JAMES M. GAFFERS, and of HERMAN B. GAFFERS, Life Tenant, to Sell Real Property in the County of Albany, State of New York, Petitioners, Respondents.

LESLIE C. GAFFERS and Others, Appellants.

Third Department, June 22, 1938.

*J. F. Heaword Robinson, Jr.* [*H. E. Blodgett* of counsel], for the appellants.

*Staley & Tobin* [*Ellis J. Staley* and *Thomas T. Heney* of counsel], for the respondents.

*Edward McCormick*, guardian *ad litem*.

HEFFERNAN, J. This is an appeal by certain remaindermen of premises owned by James M. Gaffers in his lifetime from an order

of the Rensselaer Special Term of the Supreme Court authorizing a sale of such property.

James M. Gaffers, a resident of the county of Albany, died April 19, 1933, seized of the real property involved in this proceeding. He left a last will and testament dated June 6, 1927, which was admitted to probate by the surrogate of Albany county on May 3, 1933. The testator appointed his wife and the Schenectady Trust Company of Schenectady, N. Y., to be the executors and trustees of the will and letters testamentary were issued to them. His will contains, among other provisions, the following paragraphs:

"*Fifth.* I give and bequeath to my beloved wife, Caroline Elizabeth Gaffers, the use and occupancy of the homestead and farm formerly owned by my father and all the household furnishings in the homestead on said farm for and during her natural life, if she shall be living at the time of my death.

"*Sixth.* Upon the death of my said wife if she shall survive me, or upon my death if she shall pre-decease me, I give and bequeath to my brother, Herman B. Gaffers, of Watervliet, N. Y., the use and occupancy of said homestead and farm, and the furnishings in said homestead for and during his natural life, upon condition, however, that he suitably maintain said farm and house thereon, and pay all taxes thereon and keep the buildings thereon amply insured for his benefit and the benefit of my estate."

The wife survived her husband and she occupied the property in question as her home until her death on May 22, 1937. Herman B. Gaffers survived the widow and upon her death there passed to him a possessory interest in the property which was a life use and occupancy thereof.

The property in question, a farm of about 115 acres, is located in the county of Albany. On it is an old homestead, a tenant house and barns and a number of outbuildings. The main house is one story and a half high and was built more than one hundred and fifty years ago.

Herman B. Gaffers, the life tenant, and the Schenectady Trust Company, the sole surviving trustee of the estate of the decedent, pursuant to sections 107-a to 107-n of the Real Property Law presented to the Supreme Court a petition for an order authorizing a sale of the property on the ground that such a sale would be for the best interests of the life tenant and the remaindermen.

The petition alleges that petitioners have received a *bona fide* offer for the purchase of the property for the sum of $20,000, which sum they deem fair and reasonable and far in excess of the appraised value of such property.

The petition also alleges that a sale of the property is expedient because the amount received as rental for the farm land and barn buildings is insufficient to pay the taxes upon the premises; that the house is unoccupied; that the life tenant lives elsewhere and that if the house continues to remain unoccupied during the life of the life tenant it will deteriorate in condition and depreciate in value and that the life tenant will be subjected to expend a considerable sum annually for taxes, insurance and upkeep of the property and that the income derived from the same is insufficient to meet such expenses and that such property instead of being a benefit will be a burden to the life tenant and subject him to unnecessary expense.

The petition was resisted by eight of the remaindermen, appellants here, on the ground that the petitioner Herman B. Gaffers is not a life tenant within the meaning of sections 107-a *et seq.* of the Real Property Law; and on the further ground that the property was not unproductive and burdensome so as to entitle the petitioner to the relief requested. The sections to which reference is made were added to the Real Property Law by chapter 141 of the Laws of 1937 and cover and extend applications authorized and regulated by sections 67 to 71 of the Real Property Law, which latter sections were thereupon repealed.

Under the present provisions of the Real Property Law (§ 107-a) when the ownership of real property is divided into one or more possessory and one or more future interests " the *owner of any interest in such real property* " may apply to the Supreme Court for an order directing that such property be mortgaged, leased or sold, even though the granting of such an order may be " in contravention of a provision contained in the instrument creating some or all of the interests in the affected real property." The court is authorized to grant such an application upon such terms as it shall deem proper " if satisfied from the proceedings theretofore duly had, that the act to be authorized, is expedient." The questions to be determined upon such an application are whether the facts presented by the testimony render a sale of the property expedient, whether the interests of the petitioners are such as to authorize a sale thereof by the court and the terms and conditions upon which a sale shall be made.

After hearing all the parties the Special Term granted the application, authorized the sale of the property and appointed a referee for that purpose with instructions to enter into an agreement for the sale of the property at a price of not less than $20,000, of which not more than $10,000 should be allowed to remain on mortgage at five per cent interest with amortization provision of ten per cent annually upon the principal.

The question of expediency, which is the only question the court is required to determine on such an application, was fully litigated. One of the remaindermen who owns an adjoining farm offered to purchase the property for $15,000. Two competent appraisers placed the fair market value of the property at $13,000. Without analyzing the evidence in detail we are satisfied that the proof amply sustains the finding of the learned Special Term that a sale of the property is expedient. It is apparent that appellants do not seriously challenge that finding because their counsel in his brief says: " We have not gone into the testimony as to whether the offer to purchase is fair or not. The remaindermen reject the offer, because of their desire to keep the property for improvement in price and improvement in the neighborhood. Foolish or wise, we insist that this is their right." Their main opposition to a sale is their assertion that petitioner Gaffers has no possessory interest in the property which would warrant such an application. They make the point that the devise to Gaffers of the use and occupancy of the property is " upon condition, however, that he suitably maintain said farm and house thereon, and pay all taxes thereon and keep the buildings thereon amply insured for his benefit and the benefit of my [testator's] estate," and that a failure on his part to perform these conditions would create a defeasance of his estate. They assert that the language used in connection with the devise to Gaffers constitutes a condition subsequent and that his failure to fulfill the requirement imposed will operate to divest him of any interest he may have in the property.

It seems to us that Herman B. Gaffers is vested with a possessory interest in the property sufficient to authorize him to institute the proceeding. The will gave him " the use and occupancy of said homestead and farm and the furnishings in said homestead for and during his natural life." A bequest or devise of the use of a piece of property during the natural life of a person gives to that person a life estate in the property and not merely the right to occupy it. (*Tobias* v. *Cohn*, 36 N. Y. 363; *Place* v. *Burlingame*, 75 Hun, 432; *Snider* v. *Snider*, 11 App. Div. 171; *Matter of Skinner*, 81 id. 449; affd., 180 N. Y. 515; *Patterson* v. *Vivian*, 137 App. Div. 596.)

The conditions attached to the bequest of the life estate to Gaffers do not operate to divest him of his right in the property during his life if he should omit to observe them. It is a general rule that a tenant for life, since he enjoys the rents and profits of the land, must pay the taxes and make all ordinary, reasonable and necessary repairs required to preserve the property and prevent its going to decay or waste, unless the instrument creating his tenancy expressly provides otherwise. (*Matter of Albertson*, 113 N. Y. 434; *Welsh*

v. *Taylor*, 134 id. 450; *Stevens* v. *Melcher*, 152 id. 551; *Jacobs* v. *Steinbrink*, 164 App. Div. 715; *Spencer* v. *Spencer*, 169 id. 54.) If a life tenant should fail to pay the taxes upon the property or make necessary repairs thereto a remainderman may, by appropriate action, require him to do so. The law casts upon the life tenant the burden of taxes and repairs because he receives the profits growing out of the use of the property during the life of his tenancy and he may not suffer it to be lost or to go to decay or waste for neglect to pay the taxes or to make necessary repairs any more than he may diminish its value by acts of voluntary waste. His duty is to preserve and protect the estate in remainder. It logically follows that a remainderman who has expended money for taxes or repairs may maintain an action against the life tenant to obtain reimbursement for such expenditures. Obviously the creator of a life estate can relieve the life tenant from the obligation to pay taxes or make repairs.

It is not questioned that Gaffers has suitably maintained the property since it came to him and that he has paid the taxes and insurance and that in addition he has provided a caretaker for the property to maintain it and that he has made all necessary repairs. Every obligation of a life tenant imposed by law as well as by the will in question has been performed.

The possessory interest of Herman B. Gaffers under the will is not subject to any condition subsequent which creates a defeasance of his estate by a sale of the property by authority of the court. In order that a clause or proviso shall constitute a condition subsequent the intention of the parties must be clearly expressed importing that the estate is to depend upon a contingency provided for and that a reversion follows a breach. (*Baker* v. *Mott*, 78 Hun, 141; affd., 152 N. Y. 637.) Conditions tending to destroy estates are not favored in law, and are construed strictly, and generally all doubts are resolved against restrictions on the use of the property of the grantee. (8 R. C. L. pp. 1110, 1111.) Conditions subsequent working a forfeiture of the estate conveyed should be strictly construed as such conditions are not favored in law and are to be taken most strongly against the grantor to prevent such forfeiture. (18 C. J. 363; 4 Kent's Comm. 130; *Merrifield* v. *Cobleigh*, 4 Cush. [Mass.] 178; *Craig* v. *Wells*, 11 N. Y. 315; *Post* v. *Weil*, 115 id. 361; *Graves* v. *Deterling*, 120 id. 447; *Rose* v. *Hawley*, 141 id. 366; *Freer* v. *Glen Springs Sanitarium Co.*, 131 App. Div. 352; affd., 198 N. Y. 575; *De Veaux College* v. *Highlands Land Co.*, 63 App. Div. 461; *Board of Education* v. *Reilly*, 71 id. 468.)

Whether the language used in this will creates a covenant or condition is a matter of construction, the intent of the testator

when clearly ascertained being controlling. In case of doubt the courts are more inclined to hold that the language used constitutes a covenant rather than a condition which will forfeit the grant. (*Woodworth* v. *Payne*, 74 N. Y. 196; *Munro* v. *Syracuse, L. S. & N. R. R. Co.*, 200 id. 224; *Post* v. *Weil, supra*; 18 C. J. 357; *Graves* v. *Deterling, supra*.)

Covenants and conditions may be created by the same words but forfeitures are not favored. Conditions of defeasance of an estate granted are odious. (*Paschall* v. *Passmore*, 15 Penn. St. 295.) The legal responsibility of non-fulfillment of a covenant is that the party violating it must respond in damages. The consequence of a non-fulfillment of a condition is a forfeiture of the estate. (8 R. C. L. 1100, 1101.)

It seems clear to us that it was the intention of the testator to bequeath the use of his property to his wife for life, then to his brother and to preserve the estate for eventual distribution to the remaindermen. The testator's intention as gathered from his will and surrounding circumstances is controlling upon the interpretation and construction of the instrument. (*Farmers' Loan & Trust Co.* v. *Callan*, 246 N. Y. 481.) There is nothing in the will to indicate that the testator intended to grant a right of re-entry to the remaindermen even if any condition in the will was breached. No right of re-entry can be implied for such right exists only when clearly and definitely expressed in the instrument which creates the estate. The presence or absence of a clause of reverter or re-entry has a most important, although not a controlling, influence in determining whether the language in the instrument shall be construed as a covenant or a condition. (18 C. J. 359.) It has been held that a condition subsequent is not created by a grantee's covenant to pay the taxes on the land (*Burgson* v. *Jacobson*, 124 Wis. 295; 102 N. W. 563), or by a provision in a deed for the payment by the grantee of interest upon a mortgage debt, taxes, insurance and necessary repairs together with the funeral expenses and debts and liabilities left by the grantor (*O'Neil* v. *Caples*, 257 Ill. 528; 101 N. E. 50), or by a provision in a deed stating that, in addition to the cash consideration, the conveyance was made " on condition and in consideration of the promise " of the grantee to keep the lot fenced. (*Frenchville* v. *Gagnon*, 112 Me. 245; 91 A. 951.)

Then too it is settled that the reversioner's right to enforce a forfeiture is merely an inchoate right until decreed by a court of competent jurisdiction. (21 C. J. 971; *Johnson* v. *Pettit*, 1 Cinc. Super Ct. 25; *Southwick* v. *N. Y. Christian Missionary Society*, 151 App. Div. 116; affd., 211 N. Y. 515.)

Appellants stress the fact that the devise to Herman B. Gaffers is " upon condition, however, that he suitably maintain said farm and house thereon, and pay all taxes thereon and keep the buildings thereon amply insured." These words are not necessarily conclusive that the intent of the testator was to create an estate strictly upon condition. Whether or not words in a deed are to be construed as creating a covenant or a condition subsequent does not necessarily depend upon the technical language used. Thus, in *Post* v. *Weil* (*supra*), where a deed contained this clause, " Provided always, and these presents are upon this express condition, that the aforesaid premises shall not, nor shall any part thereof, or any building or buildings thereon erected or to be erected, be at any time hereafter used or occupied as a tavern or public house of any kind," it was held that the words used did not create a condition subsequent but simply a covenant running with the land for the benefit of the adjoining estate. The court, in its opinion, said: " If we can construe this clause as an obligation to abstain from doing the thing described, which, by acceptance of the deed, became binding upon the grantee as an agreement, enforceable in behalf of any interest entitled to invoke its protection, I think we are in conscience bound to give that construction and thereby place ourselves in accord with that inclination of the law which regards with disfavor conditions involving forfeiture of estates. In this connection it may be noted that there is no clause in the deed giving the right to re-enter for conditions broken. While the presence of such a clause is not essential to the creation of a condition subsequent, by which an estate may be defeated at the exercise of an election by the grantor or his heirs to re-enter, yet its absence, to that extent, frees still more the case from the difficulty of giving a more benignant construction to the proviso clause. The presence of a re-entry clause might make certain that which, in its absence, is left open to construction."

The deed under consideration in *Avery* v. *N. Y. C. & H. R. R. R. Co.* (106 N. Y. 142) provided that it was " upon the express condition that the said railroad company * * * shall at all times maintain an opening into the premises hereby conveyed opposite to the Exchange Hotel, so called, * * * for the convenient access of passengers and their baggage." The court held that the language used was for the benefit of the hotel property and was not meant to create a condition subsequent, but was intended to be an agreement or covenant running with the land, providing for a right of way so as to enhance the value of the hotel property.

In *Graves* v. *Deterling* (*supra*) the court, referring to a provision in a deed which it was claimed created a condition subsequent,

said: " There is no provision for a forfeiture or re-entry, nor anything from which it can fairly be inferred that the continuance of the estate is to depend upon the supposed condition, yet this is regarded as essential in order to create a condition."

It thus appears from the adjudicated cases that the use of the word " condition " in a conveyance will not create a condition subsequent unless it is plainly apparent that the intention of the parties was that the grantor should have the right to re-enter if it were broken by the grantee. On principle and authority it must, therefore, be held that the language employed by testator in the devise to his brother constitutes a covenant and not a condition subsequent.

Appellants also urge that because sections 107-a *et seq.* of the Real Property Law were enacted subsequently to the time when this will became effective their provisions cannot be invoked. The statute under consideration is remedial and procedural. Statutes regulating legal remedies are generally construed as operative upon an existing condition of things as well as upon conditions to arise after their enactment. Where a new statute deals with procedure only, *prima facie*, it applies to all actions — those which have accrued or are pending and future actions. (*Laird* v. *Carton*, 196 N. Y. 169.) This statute should, therefore, be construed as operating retrospectively. (*Matter of Mersereau*, 233 N. Y. 540.)

The determination of the learned Special Term is correct and should be affirmed, with costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Order affirmed, with costs.