Maximilian Moss, S.
The special guardian appointed in this accounting proceeding to protect the interests of testator’s incompetent son seeks a construction of paragraph “ Second ” of the will. By the provisions thereof testator devises to his daughter his one-half interest in certain real property, absolutely and forever, reciting that the other one-half interest is owned by his wife. Testator continues “with the proviso, that I hereby exhort her ” to assist his wife in the care of the incompetent and on the wife’s death to minister to the incompetent’s care and wants.
The devise to the daughter of the real property is absolute and imposes no condition on the devise nor impresses a trust thereon for the benefit of the incompetent. The tenor of the *1065 will indicates strongly that the request is based on the affection and solicitude of the daughter for brother which testator felt existed from his personal observations rather than any intent to impose a condition on his gift.
A devise or bequest absolute on its face may not be qualified or cut down except by language equally clear, decisive and mandatory (Tillman v. Ogren, 221 N. T. 495; Matter of Hooker, 248 N. T. 361; Clarke v. Leitpp, 88 N. T. 228; Collister v. Fassitt, 163 N. T. 281; Matter of Gaffers, 254 App. Div. 448). While the language used by testator is strong in his bequest that his son be shown every affection and care it is equally apparent that he did not intend the devise to be conditional but that he depended on the filial affection and devotion existing between his two children. The will is so construed.
Settle decree on notice.