William J. Regan, S.
This is a judicial settlement proceeding in which determination of the validity and effect of the widow’s election is sought. Decedent’s .will was probated in this court on July 3, 1968 and letters testamentary issued to Theodore N. Fike, Jr. On August 6, 1968 a notice of election was filed by Ann J. Fike, the widow. No one questions the timeliness nor the validity of the election, but what effect it will have on the accounts of the executor and distribution of the estate is now before the court.
*1048 Paragraph Second of the will states: “ I devise to my wife, Ann J. Fike, the parcel of real property now occupied by me as my residence with all the appurtenances and improvements used in connection therewith, located in the City of Buffalo, County of Erie and State of New York and commonly known as No. 114 Davidson Avenue, Buffalo, New York, during the term of her life. I direct that my son, Theodore N. Fike, Jr. pay all charges incidental to maintaining said property, including without limitation, all assessments, insurance premiums, taxes and ordinary repairs. I direct that my son, Theodore N. Fike, Jr., shall receive any proceeds of rental obtained from said property, however, my son, Theodore N. Fike, Jr., should never receive or demand any payment of rent" from my wife, Ann J. Fike, during her lifetime.” If this paragraph constitutes a legal life estate sufficient to come within EPTL 5-1.1 (subd. [a], par. [1], subpar. [G-]) it may be considered fulfillment of the testator’s obligation, provided it meets the test of sufficiency.
EPTL 5-1.1 (subd. [a], par. [1], subpar. [G-]) states: “ The provisions of this paragraph with respect to trusts with income payable for the life of the surviving spouse likewise apply to a legal life estate, to an annuity for life or to any other disposition in the will by which income is payable for the life of the surviving spouse. In computing the value of the dispositions in the will, the capital value of the fund or other property producing the income shall be taken and not the value of the life estate.”
There is no question that a legal life estate may replace a trust in providing for a spouse. “It is obvious that where instead of creating a trust the decedent creates a legal life estate or grants an annuity for life or other form of life income for the benefit of the survivor the same rules will apply as though a trust had been created. In other words if the surviving spouse was entitled to elect to take against the will either absolutely or in a limited amount had the provisions for the survivor been in the form of a trust rather than in the form of a life estate, annuity or income, then a right of election will exist in the latter case also. It seems clear that under this section the deeendent’s obligations to the surviving spouse may be fulfilled as well by the creation of a life estate as by the creation of a trust. See Matter of Bommer, 159 Misc. 511, 288 N. Y. Supp. 419. The provisions for the surviving spouse, however, would have to be sufficient in the same manner as *1049 would a trust.” (3A Warren’s Heaton, Surrogates’ Courts, § 303, par. 12.)
It is argued that the above paragraph Second of the will fails to meet the requirements of a legal life estate.
“ A gift of a life estate is spoken of as a gift of the 1 use ’ of the property or fund, connoting that the rents or income belong absolutely to the life tenant.” (2 Davids, New York Law of Wills, § 850.)
“ The life estate is not merely a right to occupy the property.” (3 Warren’s Weed, New York Real Property, p. 207. Matter of Gaffers, 254 App. Div. 448.)
“ It is an elementary proposition of law that the life tenant is entitled to the rents and profits of the property of which he has a life estate.” (3 Warren’s Weed, New York Real Property, p. 210.)
The statute respecting the right of election should be liberally construed in favor of the surviving spouse. (Matter of Peters, 204 Misc. 333; Matter of Byrnes, 260 N. Y. 465.)
It is the holding of this court that paragraph Second of the will fails to provide the widow with a legal life estate inasmuch as said paragraph specifically directs that ‘ ‘ my son, Theodore N. Pike, Jr., shall receive any proceeds of rental obtained from said property ’ ’. At best this appears to be an arrangement whereby the widow, if she decided to live upon the premises, would be entitled to live there rent free, but no more. Therefore, the widow is entitled, under the EPTL, by virtue of her election to an outright payment of one-third of the net estate pursuant to EPTL 5-1.1.
Two other matters of less importance are also before the court for determination. The fee of $75 awarded to the widow’s attorney for the proceeding to compel the executor to pay over her widow’s exemption should not be charged against the general estate but is ordered to be a surcharge against Theodore N. Pike, Jr., the executor.
With respect to the 1962 automobile which should have been set off as an exemption to the widow also, but which the executor has disposed of, the court will decide that inasmuch as said automobile was used as a trade-in on behalf of said Theodore N. Pike, Jr. the true market value should not be based on the trade-in allowance but rather as the sum of $185 submitted as the average wholesale value, set by the National Automobile Dealers’ Association book. This sum should be paid to the widow in place of the automobile.