SCHOLL, Administratrix, Respondent, vs. MUSCOVITZ, Appellant.

*October 7—November 4, 1919.*

*Deeds: Forfeiture: Trivial breach of condition.*

Where a son received conveyance of a farm from his father on condition that he should support the father, make payments aggregating $1,500 to certain named persons, make a stated yearly payment to the father, and cultivate and harvest two acres for him, and the son performed the contract to support for more than thirteen years, paid $1,150 of the $1,500 to the persons designated, and stood ready to pay the balance whenever a legal representative was appointed for a beneficiary who had died, a court of equity should not have declared forfeiture of title after a single failure to cultivate the two acres, but should have directed a money settlement for the breach.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Reversed.*

This was an equitable action originally brought by an aged father against his son to cancel a deed of a farm (made in consideration of a contract to support the father and make certain payments to three persons named in the contract) on the ground of failure to fully perform the conditions of the contract. The action was commenced in November, 1917, and tried in May, 1918. Since the entry of the judgment in the trial court the original plaintiff has died and the administratrix of his estate has been substituted as the party plaintiff.

The facts were not seriously in dispute. The deceased deeded his home farm of 200 acres of land to the defendant March 14, 1903, the deed containing the following agreements on the part of the defendant, viz.: to pay to Mary Stillwell, Lizzie Scholl, and *Emma Scholl* the sum of $500 each and to the deceased $75 annually on or before December 1st each year; also to board the deceased at his table, furnish him firewood and medical attendance, and provide

for his funeral. The agreement also provided that deceased reserved certain farm buildings for his dwelling and two acres of land therein described, which the defendant agreed to plow, cultivate, and harvest in the best possible manner. The deed contained a further provision that if the conditions were not fulfilled it was to be null and void.

The deceased lived with the defendant from March, 1903, up to October, 1917, and during this entire time the defendant performed the conditions of the contract for support reasonably well. He also made all the annual payments of $75, including the payment due December 1, 1918, and made the payments of $500 each to two of the beneficiaries, but the third beneficiary, Mary Stillwell, died some ten years since, having been paid only $150, and the remaining $350 has not been paid, apparently owing to the fact that there has been no personal representative of her estate ever appointed who had the right to demand payment of the balance, although the defendant has offered to pay it to the children of Mary Stillwell. In October, 1917, the defendant had serious difficulty with his wife and was arrested for striking her. A divorce action resulted and the wife left the home. It was then arranged that the deceased should board with his daughter, Mrs. Scholl, at defendant's expense, and the deceased went there to board and declared himself satisfied with the arrangement. A difficulty arose about the plowing of the two acres in the spring of 1916 or 1917, and the deceased finally rented the same to third parties, although the defendant offered to plow it. The deceased was boarding with the daughter under this arrangement at the time this action was brought in November, 1917, and at the time of the trial in May, 1918. The court found that the defendant had neglected to perform the conditions of the deed by failing to pay the Stillwell money, by failing to furnish the deceased with board and care and attention, and by failing to cultivate the two acres, and adjudged that the defendant

had forfeited all title to the farm ·and revested the title thereof in the deceased. From this judgment the defendant appeals.

*F. E. Withrow* of La Crosse, for the appellant.

For the respondent there was a brief by *Smith & Moen* of Viroqua, and oral argument by *J. A. Moen.*

WINSLOW, C. J. The judgment seems a very harsh one to be rendered by a court of equity. The defendant had faithfully performed his contract for board and support for more than thirteen years; he had made the annual cash payment of $75 up to the time· of the trial, one such payment having been accepted even after this action was brought; he had arranged for the board and care of his father at his sister's at his own expense when the break-up of his own household took place, which arrangement was satisfactory' to the deceased; he had paid $1,150 out of the $1,500 agreed to be paid to the three beneficiaries and stood ready, to pay the balance whenever a person legally entitled to receive the same should be appointed. Apparently the deceased retained possession of the two acres and rented it to third parties notwithstanding the disagreement about the plowing. The total .cash paid out by the defendant under his agreement aggregates $2,250, and the evidence seems to show that he was ready and anxious to carry out his agreements at the time of the trial.

We cannot regard the breaches as really substantial nor as justifying a court of equity in revesting the title in the deceased. Such a court will avoid the enforcement of a forfeiture if possible and has other remedies which it may and ought to administer in case of insubstantial' breaches of conditions like the present, where such conditions have been faithfully performed for many years, where the defaults are not wilful, and the condition of forfeiture was evidently inserted as security for the performance of acts damages

for the breach of which may fairly be estimated in money. *Maginnis v. Knickerbocker Ice Co.* 112 Wis. 385, 88 N. W. 300; *Danielson v. Danielson,* 165 Wis. 171, 161 N. W. 787.

In the present case there were really no substantial breaches which could not be measured in money. The deceased, upon the break-up of the defendant's family, had accepted as satisfactory board and care at his daughter's, to be paid for by the defendant; and there is nothing to show that this board and care was not in substantial accordance with the contract. There cannot be said to be any breach here, because the deceased accepted the substitution as entirely satisfactory and also accepted the annual cash payment of $75 several months after he commenced to board with his daughter. So far as the plowing and cultivation of the two acres is concerned, damages for the breach of this agreement could be readily measured in money, and there was in fact no other breach, for the failure to pay the entire $500 to Mary Stillwell cannot be called a breach under the circumstances shown.

Clearly the court should have provided for the deposit of the money due to the Stillwell estate in court within a reasonable time and the giving of security for the board and care of the deceased and the payment of the annual amount due him as well as the plowing and cultivation of the two acres, or these charges could have been made liens on the land to be foreclosed in case of noncompliance with their terms, and thus the evident injustice of taking the farm away from the defendant after he had paid so much for it would have been avoided. The death of the father so soon after the supposed breach makes the injustice of a forfeiture of title more apparent and the framing of the proper judgment easier. The court should require the Stillwell money to be paid into court within a reasonable time to be fixed and should ascertain the amount due the estate of the deceased for plowing and cultivation of the two acres and for board

and care (if such board and care has, not already been paid for by the defendant), and also require these sums to be paid into court within such time as fixed, and upon the performance of these conditions render judgment confirming the title in the defendant, and in case of nonperformance divest the defendant's title and vest it in the heirs of the deceased.

*By the Court.*—Judgment reversed, and action remanded for further proceedings and judgment in accordance with the opinion.