KUCHERA, Appellant, vs. KUCHERA, Respondent.

*June 3—June 23, 1920.*

*Reformation of instruments: Degree of proof required: Definiteness: Appeal: Weight to be given findings of trial court.*

1. Where there is a sharp conflict in the evidence, the findings of the trial judge who saw the witnesses cannot be disturbed on appeal if there is nothing inherently improbable in the existence of the facts found.

2. A deed conveying property to the grantor's son in consideration of a money payment and a promise to support the grantor for life will not be reformed so as to require the building of a house for the grantor and his wife, where the evidence as to the oral agreement was weak and unsatisfactory and did not specify the kind of house to be built.

ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action in equity to reform a deed to forty-five acres of land given June 27, 1917, by plaintiff to his son Edward and his wife in consideration of an annual payment of $55 and the support for life of plaintiff and his wife. A like deed to eighty acres was given to his older son, James, the consideration for which, expressed in a contemporaneous written agreement, was that James should support plaintiff and his wife during their natural life and pay $3,000 to plaintiff on January 1, 1925, without interest. It is also sought to recover in the action some personal property, including four cows and a team of horses.

In November, 1918, Edward died, and this action is brought against his widow.

Testimony was given upon the trial in behalf of plaintiff that Edward was to furnish material and build a house for plaintiff and his wife. Some of this testimony shows clearly that James was also to assist in building the house. Plaintiff and his wife have always lived in a home located upon the eighty acres deeded to James. As to the character of the house to be built, the evidence does not disclose any more definitely than that it was to be suitable for plaintiff and his wife. On the part of the defendant the agreement to build a house was denied. As to the issue made by the evidence the court found:

(1) "That up to the time of his death the said Edward Kuchera had made his annual payment of $55 as expressed in said deed of conveyance to said plaintiff and had in all things fully performed his part of the contract by him to be performed.

(2) "I find that the written contract and deeds made and executed as aforesaid on the 27th day of June, 1917, between the parties express the terms of the agreement between the parties concerning the disposition of said real estate.

(3) "Concerning the personal property in question, I

find that the same belonged to and was the property of Edward Kuchera at the time of his death and that the plaintiff, *Joseph Kuchera,* has no interest or title thereto and is not entitled to possession thereof."

From a judgment dismissing the action upon the merits, with costs, the plaintiff appealed.

The cause was submitted for the appellant on the brief of *J. Henry Bennett* of Viroqua, and for the respondent on that of *C. W. Graves* of Viroqua.

VINJE, J. It would profit neither the parties to the action nor the legal profession to set out and discuss the evidence that resulted in the findings made by the trial court. There was a sharp conflict in the evidence, and, as to the title to the personal property, it would support a finding for plaintiff. But the trial court saw the witnesses, and his conclusion as to their veracity cannot be disturbed upon appeal since there is nothing inherently improbable in the existence of the facts found.

The case presents no basis for a reformation of the deed so as to call for the building of a house, first, because the evidence is too weak and unsatisfactory to sustain reformation, and second, it is too indefinite because it fails to disclose what kind of a house should be built, either as to kind of material, size, number of rooms, cost, or any other fact that would render specific performance possible. Evidence to sustain a reformation must be clear and satisfactory. *Govier v. Brechler,* 159 Wis. 157 (149 N. W. 740), and cases cited on page 164. Taking the evidence given by plaintiff as true, the court would have to make essential parts of the contract between them if it attempted to declare what kind of a house should be built. Under such circumstances the court properly refused reformation.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). The plaintiff in this case, an illiterate person advanced in years, conveyed by deed his

entire real estate, all on the same day, to his two sons and their respective wives; an eighty-acre farm to one son, Wenzel, with a written agreement that such son was "to furnish all goods and wares and material necessary for support of parties of the first part [being the plaintiff and his wife] during their lifetime, pay all necessary doctor bills and funeral expenses in case of death, and also to pay $3,000 January 1, 1925, without interest;" a forty-five-acre tract to the son Edward, since deceased, and his wife, the present respondent, as joint tenants. The latter conveyance was by the statutory form of warranty deed, and the consideration from the grantees for such conveyance was expressed in the following words: "For the sum of $55 to be paid annually during the remainder of my life." One payment of $55 was made as of June, 1918. Edward Kuchera, the son, died December 14, 1918, without issue.

The trial court made a memorandum decision concerning this case, in which he quite fully and carefully reviewed the testimony and stated as his conclusion that there was an agreement, in addition to what the writing purported to require, on the part of the son Edward, by his agreeing to furnish material for a house to be built upon the northeast corner of the forty-five-acre tract. The house was to be built by the plaintiff father and the other son at such time as the father might require. The father at the time and for twenty-five years prior thereto had lived upon the eighty-acre homestead conveyed to the other son, upon which there were two houses. The court further stated his conclusion to be "that the agreement should be reformed to the extent of requiring the widow, *Mabel Kuchera,* to furnish the material necessary for the erection of a suitable house in the northwest corner of the forty-five-acre tract, which shall be erected from such material by the plaintiff and his son Wenzel, and which plaintiff and his wife shall be entitled to use and occupy, together with one acre of ground in connection therewith, during the term of their

natural lives." He further states that the evidence leaves the character of the house very indefinite, but that he is of the opinion that a story-and-a-half house 16. by 24 will be ample for their needs, and that thirty days' notice should be given to the defendant, *Mabel,* for the furnishing of such material in order to enable her to save a forfeiture of her estate in the land,—the house to revert to her upon the death of the plaintiff and his wife. Subsequently the court, by letter to respective counsel, stated that on further examination he is convinced that the proposed reformation of the contract in reference to the furnishing of material for a house cannot be sustained, for the evidence is so indefinite that it is impossible to determine precisely what the parties intended in respect to the matter, saying further:

"The rule which our supreme court has adopted is to the effect that, in order to warrant a reformation, the evidence must be clear, satisfactory, and definite. For that reason I have come to the conclusion that the only judgment which I can render in the matter is for a dismissal of the plaintiff's action and have signed finding and judgment to that effect."

I think his findings set forth in the statement of facts herein must be construed in connection with his foregoing decision.

To my mind it is very clear, from what was so clearly said by the trial court in his memorandum decision and in his letter subsequent thereto, that relief was denied plaintiff only because it was impossible to determine from the evidence the necessary details upon which a judgment could be framed defining what particular kind of a house was to be built. It is equally clear from what was said by the trial court in that regard and from the record that the consideration agreed to be given by the son Edward for the conveyance of the forty-five-acre tract to him and his wife was much more than the mere agreement to pay the meager sum of $55 a year during the lifetime of the plaintiff. The prayer of the complaint was not confined to a demand for

reformation of the deed but prayed for other relief as well, and even if it had not so prayed the facts presented impress me as crying out loudly for the interposition of the broad powers of a court of equity to grant some suitable and adequate relief measuring up to the evident equitable need.

While a court of equity might properly hesitate, as did the trial court, in attempting to put in concrete shape what was left so indefinite by the testimony of the parties, namely, the necessary details for a mandate necessary to carry out the agreement to construct a house, yet a court of equity should not for that reason send the plaintiff homeless and acreless out of court.

The son Edward is no longer here to carry out the agreement on his part and there is no evidence to show that he repudiated it in any way during his lifetime. His widow, a stranger to the blood of the grantor, could be easily and fairly placed in her original position as to this transaction by the repayment to her of the $55 which had been paid by her husband during his lifetime. She, not Edward, has repudiated the substantial part of the agreement upon which the plaintiff parted with his title to the farm, and, having so repudiated it, equity should act and restore the present parties to the condition they were in prior to the making of the contract. To now permit such a stranger to so profit by such repudiation appeals to me to be working a cruel injustice.

The extent to which this court has heretofore gone with reference to the exercise of its equitable powers in such situations where contracts of this nature cannot be carried out is well exemplified in the cases of *Danielson v. Danielson,* 165 Wis. 171, 161 N. W. 787, and *Scholl v. Muscovitz,* 170 Wis. 97, 174 N. W. 463.