BRADLEY, J.
—The purpose of the action was the foreclosure of a mortgage made by Charles McCaffrey to Hewlett Scudder upon about 170 acres of land in the County of Suffolk, •of which land 42 acres were afterwards conveyed by McCaffrey to the defendant, Orlando M. Harper. The relief sought and by the judgment obtained in the action was to charge such 42 acres primarily with the lien of the mortgage. The question presented by the issue, and upon this review, is whether the defendants’ land is chargeable with such burden. It seems that McCaffrey had title to the entire premises, as trustee for •one Blanchard, who was president of the Corn Exchange Bag Company, which company was indebted to the male defendant, Harper, in the sum of $4,200 or more. An understanding was had between him and McCaffrey, with the assent of Blanchard, to the effect that Harper would purchase 42 acres of the land at the price of $4,500, subject to a mortgage of $3,200 held by the Riverhead Savings Bank. It was contemplated by the arrangement that McCaffrey would pay to the bag company $4,200 of the consideration money paid by Harper, and that thereupon the latter would receive the same amount from that company on the debt due from it to him. This, consummated, would, in practical effect, result in payment of the consideration by satisfying to that extent the debt owing to him by the bag company, which may have been some inducement on his part in making the purchase. When the parties met to make' and take the conveyance, attention was called to the Scudder mortgage, on which there was then unpaid $1,000. These facts, and the further fact, as claimed by the defendants, that McCaffrey then promised to procure a release of the Scudder mortgage, may, for the purpose of the questions arising upon this review, be assumed. By reason of the existence •of the lien of that mortgage, Harper, instead of paying the .amount before mentioned, paid only $3,500, and took convey *652 anee of the 42 acres, expressly, by the terms of the deed, subject to such mortgage. His check for that sum was handed to McCaffrey, who endorsed and delivered it to the bag company through ífianchard, who, as president of the company, indorsed and delivered it to Harper. The Scudder mortgage, with accompanying bond, was afterward assigned by Scudder to Mrs. Cook, and by her to the plaintiff, who executed a release from its lien of all the land except that conveyed to Harper. Mc-Caffrey conveyed to Mrs. Cook the land so relieved of the lien "of the mortgage, and assigned to the plaintiff the claim for the unpaid purchase money of the land conveyed to Harper. The defendants’ counsel urges, as applicable to the case, the equitable doctrine to the effect that, when premises subject to a mortgage are in parts conveyed at different times, the parcels are to be primarily charged with payment of the mortgage debt, in the reverse order, of alienation. This principle of equity may be available when, as between the grantor and his earlier grantee asserting it, the former ought to pay the mortgage debt, and which, as between them, the grantee ought not to be required to pay. Skeel v. Spraker, 8 Paige, 182; Insurance Co. v. Halsey, 8 N. Y. 271. There may be other qualifications, of the rule beneficial to grantees of subsequent conveyances,, to be recognized and applied when equities in their behalf have-the support of circumstances requiring it. It is true that the defendant did not undertake to pay this mortgage debt, but an amount equal to it, of the consideration of the conveyance to to him, has not been paid, and he has, by the terms of his deed, taken title subject to that mortgage. How, then, has he support for his contention that the land conveyed to him should be relieved wholly or partially from the lien of the mortgage ? It may be, and probably is, true that he has not realized the amount he expected, in the manner before mentioned, to receive by way of satisfaction of the debt due him from the bag company, nor as much as he may have so realized if it had not' been for the interruption occasioned by the Scudder mortgage. But McCaffrey did not undertake to pay any sum upon the indebtedness of the bag company to Harper. His promise was to pay the stipulated amount of the consideration, less $300, to the bag company, and the defendant expected to receive it from the company. It may be that this method of paying the money for the land, and receiving the reduced amount hack through the company, was adopted for a purpose not requiring consideration here. When he consented to and did take the deed declaring that the conveyance was made subject to the mortgage, the arrangement before referred to was apparently and in fact modified. And the promise and failure of McCaffrey to obtain the release of the mortgage did not have the effect to qualify the relation of the mortgage to the land conveyed to Harper, as expressed by the terms of the deed, inasmuch as that amount of the purchase money remained unpaid. It cannot he assumed that the intention of the parties *653 to the deed taken by Harper was other than as there expressed,—that it was made subject to the Scudder mortgage to the amount of $1,000. The intention not only appears by the terms of the instrument, but it has the support of the fact that there was such a mortgage, and that such an amount of the consideration was withheld by reason of it; and the fact that such portion of the consideration was retained to cover the amount of the mortgage was expressed in a letter of the defendants’ attorney, written shortly after the deed was delivered. The fact that the indebtedness of the bag company to Harper may have been reduced $700 more if the Scudder mortgage had not existed, or if'the hen of it had been released from the premises, does not seem to have any essential bearing upon the questions here for consideration.
The judgment should be affirmed.
All concur.