In the Matter of the Application of ROBINA MERSEREAU, Respondent, for Leave to Sell Real Property.

WILLIAM KATZ, Appellant.

*Real property — sale by permission of court of real property in which there is a legal life estate with remainders over to persons whose identity cannot definitely be determined — refusal to complete purchase on ground that statute permitting such sale does not operate retrospectively and apply to estate created before passage of statute.*

*Mersereau* v. *Katz,* 200 App. Div. 875, affirmed.

(Argued March 1, 1922; decided March 21, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 20, 1922, which affirmed an order of Special Term directing a purchaser at a judicial sale of real property to complete his purchase. Petitioner's father by his will devised to her the premises in suit " for and during the term of her natural life, and upon her death I give and devise the same to her heirs forever." This proceeding to sell the real property was brought under section 67 of the Real Property Law, as amended by chapter 639 of the Laws of 1920, providing that where a future estate or interest is limited, in any contingency, to persons who shall compose a certain class, upon the happening of a future event, it shall be sufficient if said notice be served upon the persons who would have been entitled to such estate or interest, if such event had happened immediately before the application was made. The parties to the proceeding were the life tenant and her heirs presumptive. All of the provisions of the statute were complied with. The purchaser asked to be relieved from his purchase on the ground that the statute was enacted long subsequent to the date of the will and that it cannot be construed as operating retrospectively, and if so construed its application to the case at bar would be unconstitutional for the reason that in the event of the death of all of the presumptive heirs without issue, collateral relatives who were not parties to the action, and, therefore, not bound by the proceedings, would become entitled to the property.

*William C. Young* for appellant.

*Jabish Holmes* and *Arthur R. Wilcox* for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.