In the Matter of the Application of WILLIAM H. YOUNG, Respondent.

JOHN S. JENKINS, Appellant.

Decedent's estate — real property — sale — title — devise of real estate to nephew for life with remainder to his children and issue of deceased children or if none to two grandnephews for life with remainder to their children — grandnephews and their living issue entitled to notice of petition of life tenant for sale of property.

1. The testator devised certain real estate to his nephew for life with remainder to his surviving children and to the issue of deceased children *per stirpes*. If, however, this nephew left no descendants then to two grandnephews of the testator, in equal shares for life with remainder to their children.

2. Under the provisions of the Real Property Law (Cons. Laws, ch. 50, § 67), upon petition made by the life tenant, title could not be conveyed under an order for the sale of the premises without notice to the grandnephews or to their children if any such there are.

*Matter of Young*, 215 App. Div. 780, reversed.

(Submitted February 24, 1926; decided March 4, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 4, 1925, which affirmed an order of Special Term denying an application by the purchaser at a judicial sale to be relieved from his purchase.

*Frank C. Barker* for appellant. The failure to give notice of this proceeding to the Formans, contingent life tenants, and to their children, contingent remaindermen, rendered the order of sale ineffective and made the title unmarketable. (*Bamberger* v. *Stern*, 105 Misc. Rep. 394; *Hess* v. *Hess*, 233 N. Y. 164.)

*Harry C. Miller* for respondent. The Formans, contingent remaindermen, are not necessary parties to this proceeding and failure to join them as parties does not make the title unmarketable nor entitle the purchaser to be relieved from his contract. (*Bamberger* v. *Stern*, 105 Misc. Rep. 394; 188 App. Div. 920; *Matter of Mersereau*, 233 N. Y. 540.)

ANDREWS, J. The testator devised certain real estate to his nephew, William H. Young, for life with remainder to his surviving children and to the issue of deceased children *per stirpes*. If, however, this nephew left no descendants then to the grandnephews of the testator, G. L. Forman and C. E. B. Forman, in equal shares for life with remainder to their children.

The question before us is whether upon the petition of the original life tenant proper title may be conveyed under an order for the sale of premises made, however, without notice to the two Formans or to their children if any such there are. If not, the order appealed from must be reversed.

Where real property is devised to one for life with a contingent remainder to persons whose identity cannot be definitely fixed until the death of the life tenant the court may authorize its sale whether any of the persons

who may eventually be entitled to the remainder are or are not in existence, but notice of such a proceeding must first be given to the life tenant and to " every other person in being having an estate or interest, vested or contingent, in reversion or remainder, in said real property * * * provided that where a future estate or interest is limited in any contingency to persons who shall compose a certain class upon the happening of a future event, it shall be sufficient if such notice be served upon the persons who would have been entitled to such estate or interest if such event had happened immediately before the application is made." (Real Prop. Law [Cons. Laws, chap. 50], sec. 67.)

The meaning of this provision seems reasonably clear. The children of William H. Young and their issue were a class. Had this remainder after his death been limited to them it would have been sufficient to have given notice, as was in fact done, to the living members of that class. (*Matter of Mersereau*, 233 N. Y. 540.) The will, however, did more than this. It provided for a second contingency. If none of his issue survived the life tenant, then the real estate passed to the Formans for life with remainder to their children. The living members of a class may represent that class. They do not represent others to whom the property may pass if none of that class survive. While relating to another matter what was said in *Hess* v. *Hess* (233 N. Y. 164) seems to justify this conclusion. The Formans and their living issue were entitled to notice.

The orders appealed from should be reversed, with costs in all courts, and the motion should be granted, with ten dollars costs.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; CARDOZO, J., absent.

Orders reversed, etc.