Philip Kassin, Plaintiff, *v.* M. & L. Building Corporation et al., Defendants, Fanny Brandfon, Respondent, and Morris Schwartz, Appellant.

Real property — mortgage — foreclosure — practice — order made on motion for return of money paid on bid at foreclosure sale a final order — rule charging different parcels of land with payment of mortgage debt in inverse order of alienation subject to qualifications — premises conveyed, subject to blanket mortgage covering them and other parcels, charged with payment of proportionate share of lien — not relieved by prior sale on foreclosure of other parcels for amount more than sufficient to pay amount of judgment.

1. A motion to require a referee to return money paid by a purchaser at a mortgage foreclosure sale may be regarded as analogous to a motion to be relieved from a bid and purchase under a judicial sale and the order made thereon is, therefore, a final order.

2. The equitable doctrine that when premises subject to a mortgage are conveyed in parts at different times the parcels are to be primarily charged with the payment of the mortgage debt in the inverse order of alienation, is subject to qualifications when the equities require it.

3. A motion, by one who at a mortgage foreclosure sale bid in her own premises, for an order directing the referee to return her the amount bid and paid, on the ground that prior to the sale of her premises the amount for which other premises covered by the mortgage had been sold was more than sufficient to pay the amount required under the judgment, is properly denied where it appears that the premises in question were conveyed subject to the blanket mortgage and that a proportionate share of the amount due thereon was a part of the purchase price.

4. As to the proper disposition of surplus remaining after paying her share of the mortgage debt and expenses the equities of the parties may be settled in surplus money proceedings.

*Kassin v. M. & L. Building Corp.,* 215 App. Div. 588, reversed.

(Argued September 30, 1926; decided October 12, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered February 19, 1926, which reversed an order of Special Term denying a motion by defendant, respondent, for a direction to the referee in a mortgage foreclosure sale to return to respondent moneys paid by her as purchase price of property bid in by her, and granted said motion.

*Clarence G. Bachrach* for appellant.   The Brandfon lot, at least to the extent of $7,500 and interest, was the primary fund for the payment of the mortgage held by the plaintiff herein, and, therefore, its sale was necessary and proper.   (*Zabriskie* v. *Salter,* 80 N. Y. 555; *Wood* v. *Harper,* 9 App. Div. 229; *Warren* v. *Boynton,* 2 Barb. 13; *Briscoe* v. *Power,* 47 Ill. 447; *Monarch Coal & M. Co.* v. *Hand,* 197 Ill. 290; *Hill* v. *McCarter,* 27 N. J. Eq. 41; *Hoy* v. *Bramhall,* 19 N. J. Eq. 563; 1 Wiltsie on Mortgage Foreclosure [3d ed.] 857; 2 Jones on Mortgages of Real Prop. [6th ed.] § 1625, note 130; *Bowne* v. *Lynde,* 91 N. Y. 92; *Thompson* v. *Bird,* 57 N. J. Eq. 175; *Clinton* v. *Buffalo Land Security Co.,* 55 App. Div. 440.)   The equities of the appellant are superior to those of the respondent to the full amount of the latter's interest in her lot; the entire proceeds of sale of the Brandfon lot are properly to be applied toward the payment of the plaintiff's mortgage.   (*Zabriskie* v. *Salter,* 80 N. Y. 558; *Hart* v. *Wandle,* 50 N. Y. 381; *LaFarge Fire Ins. Co.* v. *Bell,* 22 Barb. 54; *Livingston* v. *Mildrum,* 19 N. Y. 440.)

*Gerson C. Young* and *Allan D. Emil* for respondent. On the sale in foreclosure of the mortgaged premises, respondent had the right to have applied to her particular house the principle of inverse order of alienation.   This principle was not abrogated because of the clause in the deed of conveyance to her property to the effect that the premises were taken subject to a blanket mortgage, the proportionate share of which, affecting the said premises, did not exceed $7,500 and interest.   The language of the

clause in question did not operate so as to entitle appellant to compel the sale of respondent's house nor did respondent's house become the primary fund for the payment of plaintiff's blanket mortgage. (*Hopkins* v. *Woolley*, 81 N. Y. 77; *Erie County Savings Bank* v. *Roop*, 48 N. Y. 292; *Barnes* v. *Mott*, 64 N. Y. 397; *Coles* v. *Appleby*, 87 N. Y. 114; *Hart* v. *Wandle*, 50 N. Y. 381; *Bernard* v. *Lymburner*, 85 N. Y. 172; *Bowne* v. *Lynde*, 91 N. Y. 92; *Libby* v. *Tufts*, 121 N. Y. 172; *Welling* v. *Ryerson*, 94 N. Y. 98.) The equities of the respondent are superior to those of the appellant. (*Chapman* v. *West*, 17 N. Y. 125; *Ingalls* v. *Morgan*, 10 N. Y. 178; *Hubbard* v. *Lydecker*, 78 Misc. Rep. 80; *Dorr* v. *Shaw*, 4 Johns. Ch. 17.)

Pound, J. The plaintiff foreclosed a mortgage covering thirty-four lots, situate on Crown street in the borough of Brooklyn, city of New York. The appellant, Morris Schwartz, was the owner and holder of a mortgage, second and subordinate to that held by the plaintiff, upon thirty-three of the lots covered by the plaintiff's mortgage. The respondent, Fanny Brandfon, was the owner of the thirty-fourth lot, the lot not covered by the mortgage held by Schwartz. A judgment of foreclosure and sale was entered which directed the sale of the premises described in the complaint, or so much thereof as may be sufficient to discharge the mortgage debt, the expenses of sale, etc., and the premises were sold one lot at a time. Thirty-three of the lots having been sold, Brandfon's attorney, who was present at the sale, discovered that the amount for which they had been sold was sufficient to pay the mortgage debt, the expenses of the sale, etc., as required by the judgment of foreclosure and sale. He protested orally and in writing to the referee against the sale of the respondent's lot. The referee, not being certain that the amount realized was sufficient to cover all the items which he would be required to pay, sold it. The respondent

through her attorney thereupon purchased it for the sum of $10,650. Subsequently the referee ascertained, and it is undisputed, that the amount realized from the sale, before the lot of the respondent was sold, was sufficient to pay the mortgage debt, the expenses of the sale, and all the other items required to be paid by him under the judgment herein. On closing title to the lot owned and purchased by Mrs. Brandfon, her attorney protested against paying the balance of the purchase price and taking a deed, but the plaintiff's attorney insisted upon the terms of the sale being carried out. Thereupon, under protest, the balance was paid, the deed accepted and recorded. The report of sale has not yet been filed. The respondent then moved for an order directing the referee to repay to her the amount paid by her, $10,650, less $429.56 paid by the referee for taxes, arrears of taxes, assessments, water rates, accrued interest, penalties thereon and for stamps on the deed affecting her lot. This motion was denied at Special Term. The Appellate Division reversed and granted the motion. The only question before this court is whether the Brandfon lot should have been sold by the referee.

This motion may be regarded as analogous to a motion to be relieved from a bid and purchase under a judicial sale and, therefore, a final order. (*Merges* v. *Ringler*, 158 N. Y. 701.)

Although the Brandfon lot was not subject to the Schwartz mortgage it was conveyed subject to the blanket mortgage. It is not questioned that the deed provided that the sum of $7,500 thereof affected it. This amount was a part of the purchase price which it should pay. It was, therefore, as between the plaintiff in the foreclosure action and Brandfon, primarily charged with the payment of the blanket mortgage at least to that extent. If she succeeds in getting back the consideration paid at the referee's sale, she will have her property without paying $7,500, part of the purchase price, which

would be inequitable. (*Wood* v. *Harper*, 9 App. Div. 229.) Whether she should pay more will depend on facts later to be established.

The giving of a mortgage is an alienation *pro tanto*, *i. e.*, to the amount of the mortgage. (*Zabriskie* v. *Salter*, 80 N. Y. 555, 558.) The Schwartz mortgage is to that extent only an alienation of the lots covered thereby prior to the Brandfon deed. (*Kellogg* v. *Rand*, 11 Paige, 59, 64.) The equitable doctrine, which is invoked by Brandfon, that when premises subject to a mortgage are conveyed in parts at different times the parcels are to be primarily charged with the payment of the mortgage debt in the inverse order of alienation, is subject to qualifications when the equities require it.

The question remains as to the proper disposition of the surplus remaining after paying her share of the mortgage debt and expenses of the sale. The Schwartz mortgage covered other lands than the premises involved in the foreclosure. Their value does not appear. The equities of Brandfon are thus presumptively enhanced to some extent but that fact is not material on this motion. There is no presumption that such equities are enhanced to the full amount of the purchase price of the Brandfon lot. The only question here is whether or not the sale of the Brandfon lot should be set aside as contrary to the judgment of foreclosure.

The equities of the parties may be settled on surplus moneys proceedings where the fund may be marshalled according to the equities which do not fully appear in this proceeding, but respondent may not be relieved from the sale of her lot.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.