EMMA M. STOCK et al., Appellants, *v.* WILLIAM D. MANN et al., Defendants, and HENRY B. NEWHALL, as Committee of the Estate of EDITH KIMBALL, Appellant.

NATHAN RICHMAN, Respondent.

(Argued October 24, 1930, decided November 19, 1930,)

*George H. Witbeck* for plaintiffs-appellants. Jurisdiction has been acquired over the non-resident incompetent. (*Genet* v. *D. & H. Co.*, 163 N. Y. 177; *Wheeler* v. *Scully*, 50 N. Y. 688; *Mc Kenzie* v. *Woodward*, 101 Misc. Rep. 47; *Rogers* v. *McLean*, 34 N. Y. 536; *Dean* v. *Halliburton*, 241 N. Y. 354; *Crouter* v. *Crouter*, 133 N. Y. 62; *O'Donaghue* v. *Smith*, 184 N. Y. 377.) The purchaser's title is not affected by a transfer tax lien. (*Midurban Corp.* v. *F. D. Corp.*, 247 N. Y. 311; *Carey* v. *Keith*, 250 N. Y. 219.)

*James L. Nesbit, Lewis R. Conklin* and *William A. Montross* for Henry B. Newhall, as committee, appellant. The rights of the incompetent have been protected and the committee of her property has sought to secure to her the benefits of that action and she is bound by the determination therein. (*Rogers* v. *McLean*, 34 N. Y. 536; *Dean* v. *Halliburton*, 241 N. Y. 354; *Crouter* v. *Crouter*, 133 N. Y. 55; *Henderson* v. *Henderson*, 247 N. Y. 428; *Beaumont Construction Co.* v. *Higdon Elevator Co., Inc.*,

203 App. Div. 819; *Seitz Estates, Inc.,* v. *Seitz,* 226 App. Div. 373; *Partola Mfg. Co.* v. *Gen. Chemical Co.,* 234 N. Y. 320; *Caldwell* v. *Nicholson,* 235 N. Y. 209; *Batchelor* v. *Batchelor,* 244 N. Y. 274; *Schuebbe* v. *Glenz,* 252 N. Y. 7; *Ciccolini* v. *Vocafilm Corp.,* 253 N. Y. 76.)

*John J. McManus* for respondent. No jurisdiction was obtained of the non-resident incompetent person. (*Vilas* v. *P. & M. R. Co.,* 123 N. Y. 440; *Matter of Stephani,* 75 Hun, 188; *Nordlinger* v. *De Mier,* 54 Hun, 276; *Myers* v. *Prefontaine,* 40 App. Div. 603; *Freeman* v. *Alderson,* 119 U. S. 187; Civ. Prac. Act, § 236; *Petrie* v. *Shoemaker,* 24 Wend. 85; *Gorham* v. *Gorham,* 3 Barb. 25; *Burnet* v. *Bookstaver,* 10 Hun, 97; *Lane* v. *Schermerhorn,* 1 Hill, 97; *Matter of Perkins,* 2 Johns. Ch. 124; *Matter of Ganse,* 9 Paige, 416; *Matter of Neally,* 26 How. Pr. 402; *Matter of Curtis,* 134 App. Div. 547; 197 N. Y. 564; *Ferguson* v. *Crawford,* 70 N. Y. 253; *U. S. Life Ins. Co.* v. *Hellinger,* 130 App. Div. 415; *Smith* v. *Keteltas,* 27 App. Div. 279; *Crouter* v. *Crouter,* 133 N. Y. 55; *Banker* v. *Banker,* 63 N. Y. 409; *Gruner* v. *Ruffner,* 134 App. Div. 837; *Darrow* v. *Calkins,* 154 N. Y. 503; *Van Williams* v. *Elas,* 106 App. Div. 288; *Smith* v. *Reid,* 134 N. Y. 568; *Sonn* v. *Kennedy,* 51 Misc. Rep. 234.) An unfixed and unpaid transfer tax is an incumbrance justifying the rejection of the title on the ground that it is unmarketable. (*Midurban Realty Corp.* v. *F. D. & L. R. Corp.,* 247 N. Y. 307; *Carey* v. *Keith, Inc.,* 250 N. Y. 216; *Kitching* v. *Shear,* 26 Misc. Rep. 436.)

O'BRIEN, J. Sarah A. Kimball died seized of a life estate in certain real property in Albany. In this action for partition an interlocutory judgment of sale was entered and respondent Richman was the purchaser. He refused to accept the deed tendered by the referee and his motions to be relieved of his purchase on the ground that a marketable title cannot be given were denied. The orders

denying them were reversed on the law. By the practice of this court such an order is deemed final and, therefore, appealable. (*Smith* v. *Secor*, 157 N. Y. 402; *Kingsland* v. *Fuller*, 157 N. Y. 507; *Merges* v. *Ringler*, 158 N. Y. 701; *Matter of Young*, 242 N. Y. 237; *Kassin* v. *M. & L. Building Corp.*, 243 N. Y. 376, 379; *Batchelar* v. *Batchelar*, 244 N. Y. 274.)

Among the fifty-eight named defendants alleged in the complaint to possess rights in this real property as heirs at law is Edith Kimball to whom is assigned a one-thirty-first interest. She is an incompetent residing in Rhode Island. She was never served in this action nor did she authorize an attorney to appear for her. Henry B. Newhall was acting as the conservator of her estate in Rhode Island by appointment of an appropriate court of that State, but at the time of the entry of the interlocutory judgment of sale no committee had been appointed in this State. Nevertheless, he assumed to authorize an attorney to appear for her in this action. After the entry of the judgment of sale he was appointed in this State as committee of her property here by an order *nunc pro tunc*, as of September 30, 1924, and with the same force and effect as if entered on or before that date.

A foreign conservator, as such, has no power to authorize in this State the appearance of one who has been adjudged an incompetent elsewhere but not here. His attempt to do so is a nullity and later action cannot ratify an act which was originally bare of all power to confer jurisdiction. An order may not be made *nunc pro tunc* which will supply a jurisdictional defect by requiring something to be done which has not been done. (*Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 111 App. Div. 578, 583; affd., 189 N. Y. 402.) Authority resides in our courts to appoint a committee of the property in this State of an incompetent residing elsewhere. An appointment so made may, in the discretion of the court, relate to the individual who acts as conservator in a foreign State (Civ. Prac. Act,

§ 1363; *Matter of Curtiss*, 199 N. Y. 36), but it must precede the appearance of the incompetent. By section 225, subdivision 2, of the Civil Practice Act a copy of the summons is required to be delivered to the committee and, in the discretion of the court, even to defendant in person. Otherwise no jurisdiction attaches. The summons in this action has never been served upon either one and the court has never obtained jurisdiction over Edith Kimball. (*Vilas* v. *Plattsburgh & Montreal R. R. Co.*, 123 N. Y. 440, 453, 455.) Accordingly the judgment is not binding upon her.

We agree also with the reasoning of the Appellate Division that the unpaid transfer tax on the interest of Helen Kimball, one of Sarah A. Kimball's surviving heirs at law, remains a lien on the property and renders it unmarketable. (*Midurban Realty Corp.* v. *F. Dee & L. R. Corp.*, 247 N. Y. 307; *Carey* v. *Keith, Inc.*, 250 N. Y. 216.)

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Order affirmed.