Caroline K. Simon, J.
The -trial of this action for wrongful death commenced on April 11, 1966. During the trial, a motion was made by the Attorney-General, on behalf of the State of New York, to dismiss the claim under article 12 of the CPLR as not having been properly filed. The motion was made at a time when nine of claimant’s witnesses and one witness for the State had been heard, and when there were available in the witness room an additional number of witnesses, many of whom were State employees, subpoenaed by the claimant, who had not yet testified. The court reserved decision on the motion and the trial continued. After 10 days the trial necessarily recessed without date because of the illness and hospitalization of claimant’s counsel.
The claimant brought the claim, as its title states, as administratrix of the estate of Charles J. McBride. The claimant submitted to the court limited letters of administration, signed and filed April 19, 1966, nunc pro tunc, as of January 22, 1963, *193 the date on which the certified decree of administration had been signed by the Surrogate of New York County.
The Attorney-General, in his motion to dismiss the claim, asserted that the court had no jurisdiction under subdivision 2 of section 10 of the Court of Claims Act, and that section 130 of the Decedent Estate Law, as well as cited cases, made it clear that the claim should be dismissed.
Claimant’s counsel maintained that subdivision 2 of section 10 did not require that a decree be submitted. He further asserted that no prejudice to the Attorney-General or to the State had resulted from the fact that the decree had not been filed until April 15, 1966, though it was dated as of January 22, 1963.
The court has read the various cases cited, and the briefs and amended briefs presented. The notice of intention to file this claim was received by the Clerk of the Court of Claims on January 22, 1963. The Surrogate’s decision granting limited letters of administration was rendered on January 22, 1963. The claim was filed in the ease on December 5, 1963, at which date the granting of the petition by the Surrogate had long been a fact, though the decree pertinent thereto had not been signed.
In many counties, signing the decree is purely a ministerial act. Further, subdivision 6 of section 20 of the Surrogate’s Court Act gives the Surrogate under its listing of Incidental Powers the right “ To open, vacate, modify or set aside, or to enter as of a former time, a decree or order of his court ’ ’. ‘ ‘ Irregularity in procedure may, of course, be corrected by orders mmc pro tunc. (Mishkind-Feinberg Realty Co. v. Sidorsky, 189 N. Y. 402.) When a ruling has in fact been made but is improperly evidenced by a defective mandate, or by no mandate at all, an appropriate and suitable order or judgment which manifests the existence of a determination may subsequently be granted to take effect as of the date of such determination. It cannot record a fact as of a prior date when the fact did not then exist. (Guarantee Trust Co. v. Philadelphia, Reading & N. E. R. R. Co., 160 N. Y. 1, 7.) An order may not be made nunc pro tunc which will supply a jurisdictional defect by requiring something to be done which has not been done. (Stock v. Mann, 255 N. Y. 100,103.) ” (Merrick v. Merrick, 266 N. Y. 120,122.)
The Surrogate, by his signing and filing the decree nunc pro tunc, has dated the decree back to the earlier date. The court recognizes as valid the decree, filed by the Surrogate on April 15, 1966, granting limited letters of administration. Since, in all other respects the claim was timely filed, the Surrogate’s *194 act has cured what is, in essence, only an irregularity and by so doing, has brought the matter within the decision of the Court of Appeals in Rosenberg v. Caban (16 N Y 2d 905) in which the court stated that there is involved no more than a mere irregularity subject to correction under CPLR 2001.
No prejudice to the State having been shown, the Court finds CPLR 104, 3026 and 2001 controlling, and that the Surrogate corrected the irregularity by signing the decree nunc pro tunc.
The motion to dismiss, made by the defendant, is denied in the interests of justice and in the spirit of the CPLR.
When the motion to dismiss Was made in open court there was argument on it and thereafter claimant’s counsel presented to the court for further argument an attorney introduced by him as his associate. The associate presented both oral argument and a brief. The decision on the motion is made bn the law and facts and on the merits, without determining whether or not an amicus curia brief should be considered in the instant matter.
The motion by claimant to amend Paragraph 2 of the claim and correct the date of the letters of administration was granted during trial.