■ FLORENCE MCBRIDE as Administratrix of the Estate of CHARLES J. MCBRIDE, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43146.) — AULISI, J. Appeal from a judgment in favor of claimant, entered February 10, 1967, upon a decision of the Court of Claims. The State's objections to the decision appealed from primarily concern the order of certain events leading to that decision and so that sequence will be briefly reviewed. On October 23, 1962, Charles McBride, an infant, committed suicide while an inmate of the Warwick State School for Boys. Respondent, the decedent's mother, filed a petition for limited letters of administration in the Surrogate's Court of New York County on January 8, 1963. This petition was granted by the Surrogate on January 18 by decision filed on January 22 as follows: "Application for limited letters of administration granted. Submit decree." That same day, respondent's notice of intention to file this claim was received by the Court of Claims and, on the following day, by the Attorney-General. Respondent's formal claim was received by the Court of Claims and the Attorney-General on December 5, 1963. After the commencement of the trial in the Court of Claims on April 11, 1966, it was discovered that no decree had been entered in the Surrogate's Court proceeding. On April 15, 1966, the same Judge of the Surrogate's Court who had originally granted the petition signed a decree appointing respondent administratrix *nunc pro tunc* as of January 22, 1963 and letters of administration were issued to respondent by the Clerk of the Surrogate's Court *nunc pro tunc* as of January 22, 1963. Respondent moved, without objection, in the Court of Claims to incorporate the decree and letters of administration in her claim. The State then made a motion to dismiss the claim for failure to comply with section 130 of the Decedent Estate Law and subdivision 2 of section 10 of the Court of Claims Act which provide the time within which a wrongful death action must be brought. In a separate memorandum decision by the Court of Claims on May 23, 1966, the State's motion was denied (50 Misc 2d 192). Thereafter, on February 1, 1967, the Court of Claims decided in favor of respondent on the merits. The State appeals only on the question of jurisdiction. No claim of prejudice or surprise has been put forward and the State bases its entire argument on the proposition that the failure of respondent's counsel to submit a decree in the Surrogate's Court proceedings prevented the Court of Claims from hearing the controversy as it constituted a jurisdictional defect which could not be corrected *nunc pro tunc*. However, in none of the cases cited by the State does the record reflect the granting of the petition for letters of administration prior

to the institution of the liability action as is the case here. The question before us then is not whether the Court of Claims can, by the use of a decree *nunc pro tunc*, retroactively grant itself jurisdiction it otherwise lacked, but whether the Surrogate's Court of New York County has the power to correct an omission to perform a ministerial function. We think that it has. The State's only real contention is that since this appointment was not properly evidenced by the appropriate documents at the time of the commencement of this action, the claim was not made within the statutory period (Decedent Estate Law, § 130; Court of Claims Act, § 10, subd. 2) and, therefore, the court did not obtain jurisdiction of the matter. The statutes (*supra*) require the appointment of an administrator as a prerequisite to presenting a claim for wrongful death in the Court of Claims. This was done and no prejudice having been shown by the State, we see no reason to disturb the Court of Claims determination in the instant case merely because the actual documents were not issued until later. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.