OPINION OF THE COURT
George Friedman, J.
The court-appointed guardian petitions this court for an or *807 der permitting him to pay legal fees for the purchase of a home for the incapacitated person. This case presents the issue whether, the amount of those legal fees, set in an unusually high amount by a court of foreign jurisdiction, is binding on this court.
Following a Mental Hygiene Law article 81 proceeding, this court appointed a guardian by judgment dated September 3, 1997. The judgment of this court permitted the guardian to purchase a home for the incapacitated person in Puerto Rico. A suitable property was located in the Carolina area of San Juan, and a contract executed without the assistance of a local attorney. A local attorney (counsel Lugo Carlo) was, however, subsequently consulted, and advised the guardian that a hearing in the nature of a competency hearing was required before the guardian could take title. This hearing was completed in a single morning, after which the judgment was rendered, and the closing effected on the same day, February 10, 1998.
The guardian subsequently received a certified copy of the judgment issued by the First District Court, Carolina County, Commonwealth of Puerto Rico. This certified copy dated March 12, 1998 contained a provision not noticed by the guardian in the earlier copy of the judgment, which provided for a legal fee amount of 10% of the purchase price, making the legal fee a total of $16,500.
A hearing was held before this court, at which counsel Carlo appeared, and, under protest, indicated the nature of the hearing and closing. In all respects, the competency hearing appeared to be perfunctory, as did the closing of title. No extraordinary efforts or procedures were required. Counsel nevertheless insisted that the fee was warranted, but failed to advance any evidence of custom or usage supporting it, or any evidence of any legal services which would justify it.
Counsel Carlo has submitted a brief which sets forth the general parameters of the constitutional requirements of full faith and credit imposed by the US Constitution (art IV, § 1) and recites that the doctrine extends to the courts of Puerto Rico. Counsel does not seek to explain why the courts of Puerto Rico assumed jurisdiction to set a fee in a matter already entrusted to this court, where the corpus of the incompetent’s funds is and was located in New York. For the purpose of this decision, the court will assume that Puerto Rico is a territory of the United States, and that the decisions of its courts are entitled to full faith and credit, by act of Congress, in the same manner as any State of the United States. (See, 28 USC § 1738.)
*808 Counsel Carlo has failed to address extant authority that a finding of incompetency or incapacitation resulting in the appointment of a fiduciary is not accorded full faith and credit (Matter of Sulzberger, 159 Misc 2d 236; Matter of Witten, 78 Misc 2d 162; Seitz Estates v Seitz, 226 App Div 373; Stock v Mann, 255 NY 100).
As a corollary of that rule, no jurisdiction where ancillary proceedings are undertaken may presume to spend funds located in a foreign jurisdiction (e.g., Matter of Whitehead, 169 Misc 2d 554 [New York courts would determine reasonable fees to be awarded under New York law for attorneys representing an incapacitated Canadian citizen, although final fee to be paid rests in discretion of Canadian court]). Further, a decree of another State respecting incompetence of a person domiciled in New York is jurisdictionally void (Sengstack v Sengstack, 4 NY2d 502 [order of Minnesota Probate Court appointing guardian of New York domiciliary temporarily residing in Minnesota is not conclusive or binding on New York courts]).
Manifestly, New York retained jurisdiction over the corpus of the incapacitated person’s estate at the time of the purchase of the new residence. Moreover, it has long been held that an appointed fiduciary may not change the residence of an incompetent (Matter of Friedman, 10 Misc 2d 133), at least not without the approval of the appointing court (Matter of Kassler, 173 Misc 856).
Consequently, the court finds that New York retained jurisdiction of both the incapacitated person and his estate, and that the courts of Puerto Rico, to the extent they could set a legal fee, could do so only subject to the approval of this court. This court, considering all of the relevant criteria, including the difficulty of the work involved, the result achieved, and the benefit to the incapacitated person, awards a fee in the amount of $3,500 to counsel Carlo of Puerto Rico. The guardian is awarded an additional fee of $1,000 plus disbursements.
Parenthetically, this court notes that the incapacitated person is a ward of the court. The court is charged with protecting his assets and a fee of $16,500 constitutes an outrageous invasion of his assets which, if not rectified, would present an outrageous injustice.