■ In the Matter of the Estate of LOUIS P. ANZIANO, Deceased. MARIE E. ANZIANO et al., Appellants; SUSAN M. WILLIS et al., Respondents.— In a will construction proceeding, petitioners Marie E. Anziano, Louis P. Anziano, Jr., and Rosemary Ducey and respondents Barbara Lehnert and Carol Hyde appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Nassau County, dated June 1, 1971, as determined the validity, construction and effect of dispositions of property contained in the will. Decree modified, on the law and the facts, as follows: 1. Decretal paragraphs " 6 ", " 9 " and " 10 " are deleted. 2. Decretal paragraph " 3 " is deleted and the following is substituted therefor: 3. Under article " Fourth " of said will, the decedent created a trust, comprising a corpus equal to the amount his spouse would be entitled to receive under EPTL Article 5, less $25,000 bequeathed to her outright, with said spouse to receive the trust income for life, and, upon her death, the trust shall terminate and the principal is to be paid to the testator's distributees in intestacy, since The Anziano Foundation, Inc. is precluded from taking the remainder interest pursuant to Article " Eighth " of the will. 3. Decretal paragraph " 5 " is deleted and the following is substituted in lieu thereof: 5. Under Article " Fifth " of said will, the decedent created an invalid trust of his residuary estate, with annual payments from accumulated trust income to be made in the sum of $1,000 to each of his four children. Louis P. Anziano, Jr., Barbara Lehnert, Rosemary Ducey and Carol Hyde and in the sum of $500 to each of the issue of said children, both in being at the time of the decedent's death and afterborn, each of the aforesaid payments to be made on each such issue's birthday, and the entire residuary estate passes by intestacy to the testator's distributees. 4. Decretal paragraph " 8 " is deleted and the following is substituted therefor: 8. Under Article " Sixth (C) " of said will, in the event that prior to the decedent's death the decedent shall not have purchased a home for his daughter Carol Hyde, the sum of $60,000 is bequeathed to the decedent's trustees, in trust, for the purpose of paying therefrom such sum, not in excess of $60,000, as Carol Hyde shall request in writing, and applying such sum toward the purchase price of a single-family dwelling, title to which shall be taken solely in the name of the decedent's said daughter, Carol Hyde. The said trust shall be deemed a separate, individual trust for Carol Hyde, prior to, separate from and unaffected by the residuary trust deemed invalid herein. The remainder of any principal and income of this

Carol Hyde trust not applied during Carol Hyde's lifetime for the purpose set forth herein shall pass by way of intestacy to the distributees of the decedent. 5. Decretal paragraph "11" is deleted and the following is substituted therefor: 11. Under Article "Seventh" of said will, the residence owned by the decedent in Nassau County is to be part of the residuary estate in intestacy, subject to a conditional life estate for the decedent's spouse, whereby she is to be permitted to occupy the same during her lifetime so long as she remains unmarried, without payment of rent, provided she pays all taxes, insurance premiums, repairs, maintenance and carrying charges in connection therewith, and, upon her death, the property is to be transferred to the decedent's distributees. 6. Decretal paragraph "12" is deleted and the following is substituted therefor: 12. Under Article "Eighth" of said will, The Anziano Foundation, Inc. is precluded from taking any remainder devises and bequests provided for in Articles "Fourth" and "Fifth" of said will. As so modified, decree affirmed insofar as appealed from, with costs to all parties filing briefs, payable out of the estate. The testator executed an attorney-supervised will on July 17, 1969. The will established two trusts. Dissatisfied with being billed by the attorney, who also was to be an executor and trustee, and desirous of making various changes in his testamentary plan, the testator personally made will alterations, hired a secretary and, using the July 17, 1969 will as a working guide, made various drafts of a new will. Ultimately he drafted and executed the probated will dated October 27, 1969. Both wills established a trust comprised of a corpus equal to the amount his widow would be entitled to receive under article 5 of the EPTL, less a sum to be paid to her outright. Both wills provided that the widow receive the income of this trust for life and that upon her death the trust terminate and the principal be paid to the Anziano Foundation, Inc. The July 17, 1969 will left the residuary estate in trust, with the income payable from time to time to the testator's descendants, brothers and sisters living. Income unpaid was to be accumulated. The trust was to terminate upon the death of all the descendants alive at the time of the testator's death; and the remaining principal and income was then to be distributed to the Anziano Foundation, Inc. The probated will also established a trust of the residuary estate (less certain outright bequests). The residuary trust was to provide annual birthday gifts of $1,000 to each of the testator's four named children and annual $500 birthday payments to each of the issue of said children. At the testator's death, there were eight grandchildren. The residuary trust of the probated will failed to name a remainderman and failed to make provision for the disposition of accumulated excess income. The parties to this construction proceeding took the deposition of the scrivener and permitted the Surrogate to render a construction on the pleadings (which included both wills), on certain agreed facts and on the deposition (subject to the right to object to the competency of any part of the deposition). It is clear from the scrivener's testimony that the testator wished to provide birthday gifts for his descendants "ad infinitum" in order that he be forever remembered. Moreover, the probated will independently reflects that wish and manifests the testator's concern for the welfare of his wife, children and grandchildren; and also that the charitable foundation take only if tax advantages were obtained by the estate by means of a deduction for the charitable remainders. Both wills provided that if the charitable remainders to the Anziano Foundation, Inc., do not qualify for estate tax law deductibility, these remainders shall lapse. The Anziano Foundation, Inc., is tax exempt. Although the probated will did not name a remainderman of the residuary trust, the

Surrogate construed the will to imply that the foundation is the remainderman. However, even if such construction were authorized, the subject charitable remainders by their very nature do not qualify for deductibility under the applicable Federal estate tax laws (U. S. Code, tit. 26, §§ 2001, 2051, 2055, subd. [a], par. [1]; subd. [e]; § 664, subd. [d], pars. [1], [2]; § 642, subd. [c], par. [5]). For this reason, under the express terms of article "Eighth" of the probated will, the charitable remainders lapse. It is clear that the deductibility of the charitable remainders in this estate, the estate tax valuation of which probate estate is stated to be approximately $3,500,000, was a major and overriding factor in the testamentary scheme. Under these additional circumstances, the purpose which the testator had in mind failed and the remainders must go by way of intestacy (*Matter of Durand*, 250 N. Y. 45). We are also of the opinion that the Surrogate erred in construing the foundation to be the remainderman (by implication) of the residuary trust. The testator struck out the July 17, 1969 provision that had given the foundation that remainder. Further, the scheme of the probated will is clearly that the estate be available ad infinitum for birthday gifts to the testator's descendants and that the corpus be subject to invasion of principal for the descendants, the ultimate number of whom could not be known. Under these circumstances, The Anziano Foundation, Inc., could not be deemed to be the remainderman of the residuary trust by implication (*Brown* v. *Quintard*, 177 N. Y. 75). It is also clear that the birthday gift provisions for the issue of the testator's children violate the rule against perpetuities and that the residuary trust is void in its creation (EPTL 9–1.1). To attempt to partially salvage the trust by judicial excision would be purposeless and discriminatory and would lead to the trust becoming the source of long-time strife among the testator's children, grandchildren and unborn descendants. Excision for the benefit of the living children and grandchildren could result in a trust of most substantial proportions being established and operated for 12 lives solely for the purpose of throwing off annual $1,000 birthday gifts for the testator's four children and $500 birthday gifts for the eight grandchildren. The real value of the trust would be its utility as a source of corpus invasion. The possibilities of serious and prolonged strife among the testator's children and grandchildren as to the propriety and amounts of invasion need not be spelled out. Grandchildren born after the testator's death would not receive birthday gifts and could not invade the corpus. Those of the living children with fewer children than their brother or sister would resent invasion on behalf of larger family units. Under all of these circumstances, interpretation or excision to save the trust for the testator's living children and grandchildren would distort and frustrate the testator's desire that he be remembered and loved. For all of these reasons, the residuary trust plan is totally invalid and the corpus and income that would otherwise constitute that trust must be distributed by way of intestacy (*Brown* v. *Quintard*, 177 N. Y. 75, *supra; Matter of Durand*, 250 N. Y. 45, 55, *supra*), as must the remainder interest of the widow's article "Fourth" trust. It is clear, however, that the testator intended his daughter Carol Hyde to be afforded up to $60,000 for the purchase of a home. We have interpreted the provision therefor to be a separate and independent trust, inasmuch as the testator's violation of the rule against perpetuities should not be permitted to defeat his independent and singular provision for his daughter Carol. Munder, Acting P. J., Shapiro, Christ and Benjamin, JJ., concur.