■ In the Matter of the Estate of LARRY R. TALMAGE, Deceased. CLAUDIA ORTMANN, Appellant; ELIZABETH K. TALMAGE et al., Respondents. [883 NYS2d 278]—

In a probate proceeding in which Claudia Ortmann petitioned pursuant to SCPA article 19 and RPAPL 1602 and 1604 to compel the sale of certain real property, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated December 19, 2007, which denied her motion for summary judgment on the complaint and, upon searching the record, awarded summary judgment to the respondents, dismissing the petition.

Ordered that the order is affirmed, with costs.

Pursuant to SCPA 1902, the Surrogate's Court has concurrent jurisdiction with the Supreme Court to grant relief sought pursuant to RPAPL 1602 (*see Matter of Gardiner v United States Trust Co. of N.Y.*, 275 AD2d 413, 414 [2000]; *Matter of Sauer*, 194 Misc 2d 634, 637-638 [2002]), which provides that "[w]hen the ownership of real property is divided into one or more possessory interests and one or more future interests, the owner of any interest in such real property . . . may apply to the court . . . for an order directing that said real property . . . be . . . sold" (RPAPL 1602; *see Matter of Sauer*, 194 Misc 2d at 637-638). The application may be granted in the discretion of the court if the court is satisfied that the sale is "expedient," which is defined as "characterized by suitability, practicality, and efficiency in achieving a particular end [which is] proper or advantageous under the circumstances" (*id.* at 638 [internal quotation marks omitted]; *see Matter of Mantineo*, 16 Misc 3d 1112[A], 2007 NY Slip Op 51399[U] [2007]).

Here, the petitioner failed to meet the burden of showing that a sale would be expedient (*see Matter of Mantineo*, 16 Misc 3d 1112[A], 2007 NY Slip Op 51399[U] [2007]; *Matter of Gaffers*, 254 App Div 448, 450 [1938]). The will imposes certain conditions upon the petitioner's interest, so that it is more properly characterized as a "conditional life estate" (*Matter of Anziano*, 39 AD2d 771, 772 [1972], *affd* 32 NY2d 875 [1973]). The record establishes that while a sale of the property would be advantageous to the petitioner, it would not comport with the intent of the testator or his testamentary plan, nor would it be advantageous to the interests of the estate or the remaindermen. Under the circumstances, the court providently exercised its discretion in denying the petitioner's motion for summary judgment on

the complaint, and, upon searching the record, properly awarded summary judgment to the respondents dismissing the petition. Fisher, J.P., Miller, Chambers and Austin, JJ., concur.