Matter of Anderson v Garr (2020 NY Slip Op 02404)





Matter of Anderson v Garr


2020 NY Slip Op 02404


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


222 CA 19-01478

[*1]IN THE MATTER OF SHERRY L. GARR ANDERSON, SUCCESSOR TRUSTEE OF TRUST B CREATED PURSUANT TO THE PROVISIONS OF THE GARR REVOCABLE TRUST DATED SEPTEMBER 19, 1994, PHYLLIS A. GARR-ALLEN, SUCCESSOR CO-TRUSTEE OF THE GLADYS M. GARR REVOCABLE TRUST, DATED OCTOBER 19, 2001, SHERRY L. GARR ANDERSON, SUCCESSOR CO-TRUSTEE OF THE GLADYS M. GARR REVOCABLE TRUST, DATED OCTOBER 19, 2001, SHERRY L. GARR ANDERSON, CO-EXECUTOR OF THE ESTATE OF GLADYS M. GARR, PHYLLIS A. GARR-ALLEN, CO-EXECUTOR OF THE ESTATE OF GLADYS M. GARR, SHERRY L. GARR ANDERSON, INDIVIDUALLY, PHYLLIS A. GARR-ALLEN, INDIVIDUALLY, AND RICHARD M. GARR, INDIVIDUALLY, PETITIONERS-APPELLANTS,
v
LINDA J. GARR, RESPONDENT-RESPONDENT.






BOYLE & ANDERSON, P.C., AUBURN (ROBERT E. BARRY OF COUNSEL), FOR PETITIONERS-APPELLANTS.
BOUSQUET HOLSTEIN, PLLC, SYRACUSE (CECELIA R.S. CANNON OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Cayuga County (Ann Marie Taddeo, J.), entered November 8, 2017. The order, among other things, granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the petition, and as modified the order is affirmed without costs.
Memorandum: Respondent and petitioners Sherry L. Garr Anderson, individually, Phyllis A. Garr-Allen, individually, and Richard M. Garr, individually, are siblings who, as beneficiaries of two trusts, acquired an interest in certain real property. Pursuant to the terms of the trusts, respondent also has the right to live rent-free in an apartment on the property during her life. Petitioners commenced this proceeding pursuant to RPAPL article 16 seeking, among other things, an order authorizing the sale of the property. Respondent answered and subsequently moved to dismiss the petition, and petitioners cross-moved for partial summary judgment directing, among other things, the sale of the property and the valuation of respondent's right of occupancy. Petitioners appeal from an order that granted the motion and denied the cross motion.
Initially, we note that, although Supreme Court stated that it was granting respondent's motion, it did not do so on the grounds asserted in the motion. Rather, the court based its determination on its conclusion that the sale would not be "expedient" because it would be counter to the intent of the grantors, which was to give respondent a place to live for her life, and it would cause great prejudice to respondent.
RPAPL 1604 provides that the court may grant an application to sell an interest in real property where it is satisfied that the sale is "expedient," which is defined as "characterized by [*2]suitability, practicality, and efficiency in achieving a particular end[, which is] proper or advantageous under the circumstances" (Matter of Talmage, 64 AD3d 662, 663 [2d Dept 2009], lv denied 14 NY3d 705 [2010] [internal quotation marks omitted]). The court may grant the application even if it is opposed by one or more persons having an interest in the property and even if the sale would contravene a provision of the instrument creating the interest in the affected real property (see RPAPL 1604).
Contrary to petitioners' contention, the court properly determined that petitioners failed to meet their initial burden on their cross motion of establishing that the sale would be expedient (see Talmage, 64 AD3d at 663). The record establishes that the intent of the grantors was, inter alia, to provide respondent with a place to live for the remainder of her life, and petitioners failed to present evidence that there was a proposed buyer of the property and that the sale of the property would adequately compensate respondent for the value of her right of occupancy. We agree with petitioners, however, that the court erred in determining that respondent is entitled to summary judgment dismissing the petition. There are triable issues of fact whether the sale of the property can achieve the intended purpose of the grantors by compensating respondent for the value of her right of occupancy, and we therefore modify the order by denying the motion and reinstating the petition.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court